## PATRICK MULLEN

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. MANSLAUGHTER—*penalty on conviction.* Under the 29th section of the criminal code, a party convicted of the crime of manslaughter might be punished by imprisonment in the penitentiary for a term less than one year.

2. But the act of 1859 on that subject, repealed the 29th section of the criminal code in that regard, and under its provisions the jury cannot fix the time of imprisonment for such offense at less than one year.

3. REPEAL OF STATUTES—*repugnancy.* A statute may be repealed without an express clause for that purpose ; where two statutes are repugnant to each other in their provisions, the latest expression of the will of the legislature must prevail.

WRIT OF ERROR to the Circuit Court of the county of Cook ; the Hon. GEORGE MANIERRE, Judge, presiding.

Patrick Mullen was indicted in the court below, for manslaughter. Upon the trial, the court instructed the jury, on behalf of the prosecution, " that if they should find the defendant guilty as charged in the indictment, they should fix his term of imprisonment in the penitentiary not less than one year, and might fix it for his natural life."

The jury returned a verdict of guilty, and fixed the term of imprisonment of the defendant in the penitentiary, at one year. A judgment was entered accordingly. The defendant sued out this writ of error, and now questions the correctness of the instruction given to the jury.

Mr. EDWARD G. ASAY, for the plaintiff in error, insisted that the instruction is erroneous, because, under the 29th section of the criminal code (Rev. Stat. 1845, 156,) a person convicted of the crime of manslaughter might be punished by imprisonment in the penitentiary for a term less than one year ; and that the act of 1845 was not affected in that regard by the act of 1859. (Sess. Laws, 125.)

Mullen v. People.

Mr. D. P. Jones, State's Attorney, for the People.

Mr. Justice Walker delivered the opinion of the Court.

It is insisted that the court erred in its instruction to the jury. On behalf of the prosecution, the court gave an instruction, that if the jury found the defendant guilty, they should fix the term of his imprisonment, in the penitentiary, at a period of not less than one year, and might extend it to the period of his life. It is insisted that the instruction is erroneous, because the act of 1845, R. S. 156, authorizes the confinement of persons convicted of manslaughter, for a term less than one year. It is urged that the act of 1859 (Sess. Laws, 125,) does not repeal this provision of the former act. The latter act provides, that upon conviction, the jury shall, in their verdict, fix the time which the party shall be confined in the penitentiary, which shall be for his natural life, or any number of years.

This act contains no express repealing clause. But the latter act is comprehensive, and embraces all that is embraced by the 29th section of the criminal code. The provisions of the act of 1859 are repugnant to the provisions of the former act, inasmuch as it requires the term to be for life, or a number of years, whilst the former act authorized it to be fixed for any period not exceeding eight years. Under the original act, a jury had the right to fix the time at less than one year, but under the act of 1859, it at least must be for one year. In so far as the acts are repugnant, the last expression of the will of the General Assembly must prevail. Instead of this instruction being prejudicial to plaintiff in error, it was certainly as favorable as he could ask, and it may be more than he had a right to demand under the statute.

The judgment of the court below is affirmed.

*Judgment affirmed.*