# Henry To Aspern

## v.

## The Lamar Insurance Company, use, etc.

1. Suits, where brought — Defendant in foreign county. — In actions at law process of the court cannot issue directed to a sole defendant residing in a county different from the one in which such action is commenced, and when this has been done and judgment rendered against such defendant, it is the duty of the court, upon motion, to set such judgment aside as irregularly obtained.

2. Construction of statutes.—Where two statutes are repugnant to each other in their provisions, the latest expression of the legislative will must prevail. A subsequent re-enactment of a former statute will, under this rule, be held to be the latest expression of legislative will.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding. Opinion filed April 27, 1880.

Mr. W. B. Cunningham, for appellant; that the court had no jurisdiction of the defendant, cited Sess. Laws 1877, 67, 146; Sedgwick on Statutes, 100; Lamar Ins. Co. v. Young, 11 Chicago Legal News, 236.

Evidence was admissible to show that the note was made in another county, though dated at Chicago: Hale v. Cazenove, 4 East. 478; Baxter v. N. Eng. Ins. Co. 5. Mass. 285; Bayley v. Taber, 6 Mass. 290; Chitty on Contracts, 564; Chitty on Bills, 147; Story on Contracts, 805.

Complainants may have a bill for discovery of unknown stockholders, but such stockholders must be made parties by amendment: Morgan v. N. Y. & Albany R. R. Co. 10 Paige, 290; Mann v. Pentz, 3 Com. 415; Stuyvesant v. Hall, 3 Barb. Ch. 157; Chandler v. Brown, 77 Ill. 336.

Messrs. SHUFELDT & WESTOVER, for appellee; that in general an application to set aside a default is addressed to the discretion of the judge, and his decision cannot be assigned for error, cited Harmison v. Clark, 1 Scam. 131; Garner v. Crenshaw, 1 Scam, 143; Wallace v. Jerome, 1 Scam. 524; Gillett v. Stone, 1 Scam. 539; Woodruff v. Tyler, 5 Gilm. 457; Mitchell v. Chicago, 40 Ill. 174; Bowman v. Wood, 41 Ill. 203; Bell v. Nims, 51 Ill. 171; Scales v. Lalor, 51 Ill. 232; Fergus v. Garden City M'f'g Co. 71 Ill. 51.

And unless there has been a gross abuse of such discretion, an appellate court will not interfere: P. & R. I. R. R. Co. v. Mitchell, 74 Ill. 394; Union Hide & Leather Co. v. Woodley, 75 Ill. 435; Constantine v. Wells, 83 Ill. 192.

On such an application, defendant must show that he has a meritorious defense: Constantine v. Wells, 83 Ill. 192; Rich v. Hathaway, 18 Ill. 548.

The judgment must be sustained unless the declaration fails to support it: C. & N. W. R. R. Co. v. Coss, 73 Ill. 394; Mass. Mut. Life Ins. Co. v. Kellogg, 82 Ill. 614.

Repeals of statutes by implication are not favored: People v Barr, 44 Ill. 198; Bruce v. Schuyler, 4 Gilm. 221; Roberts v. Fahs, 36 Ill. 268; Bowen v. Lease, 5 Hill, 226; Taylor v. Brown, 1 Wis. 452; Sedgwick on Con. Law, 98; McDonough Co. v. Campbell, 42 Ill. 490; Robbins v. State, 8 Ohio 131; Hume v. Gassett, 43 Ill. 297; William v. Pritchard, 4 A. & E. 2; Blain v. Bailey, 25 Ind. 165; Pearce v. Bank of Alabama, 33 Ala. 693; Felt v. Felt, 19 Wis. 193; Cole v. Supervisors, 11 Iowa, 552; Burke v. Jeffries, 20 Iowa, 145; Crane v. Reeder, 22 Mich. 322.

In support of the jurisdiction of the court to issue process to a foreign county: O'Connor v. Leddy, 64 Ill. 299; The People v. Rumsey, 64 Ill. 44.

A law applicable to a particular class of cases is not a special law: Sedgwick on Con. Law, 535; Madison R. R. Co. v. Whiterich, 8 Ind. 217; Henry v. Henry, 13 Ind. 250.

McALLISTER, J. This is an appeal by the defendant below from the judgment of the Superior Court of Cook county, taken

against him by default, when the only means of acquiring jurisdiction of his person was by a summons issued to the sheriff of Champaign county, and there served, which defendant at the same term moved to set aside.

If the law authorized the issuing of summons to and the service thereof in that county, then the judgment is regular; otherwise, not. As the statute was at and prior to May 22, 1877, it declared that "it shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found, except in local actions, and except that in every species of personal actions in law, where there is more than one defendant, the plaintiff, commencing his action where either of them resides, may have his writ or writs issued directed to any county or counties where the other defendants, or either of them, may be found." Then followed the proviso: "That if a verdict shall not be found or judgment rendered against the defendant or defendants, resident in the county where the action is commenced, judgment shall not be rendered against those defendants who do not reside in the county, unless they appear and defend." R. S. 1874, § 2, 775.

This statute being in force May 22, 1877, an act was approved entitled: "An act to amend section 25 of an act entitled 'An act concerning corporations,' approved April 18, 1872." The body of this section, as amended, related to the winding up of insolvent corporations, providing for the appointment of receivers, and the enforcement of the liability of stockholders, by suits in equity, the section closing with this provision: "In all cases of suits for or against such receiver or the corporation of which he may be receiver, writs may issue in favor of such receiver or corporation, or against him or it, from the county where the cause of action accrued, to the sheriff of any county in the State for service."

The previous part of this section speaks only of suits in equity, and it is a fair construction of the whole section that the legislature had in mind only such suits in the clause just quoted.

The only words that derogate from that construction are the words, "where the cause of action accrued." Construed in a

technical sense, those words might seem to relate to actions at law, and embrace them; but it certainly could not have been the intention of confining that provision to actions at law exclusively; and from the context the better construction is that the provision was intended to apply to suits in equity only, and to enlarge the provisions of section three of the chancery code, (R. S. 1874, p. 198), which is a separate system; the statute first above mentioned relating exclusively to actions at law. But to make it sure, as we construe the action of the legislature, that this act approved May 22, 1877, should not have the effect to change the practice in respect to actions at law, another act was subsequently, on May 29, 1877, approved, which reenacted the act first above mentioned. Now, it is too clear to admit of argument, that if the provision in question of the act approved May 22, 1877, be construed to embrace actions at law, that approved May 29, 1877, is directly repugnant to it. The conflict is irreconcilable. The former declares that in all suits for the corporation, writs may issue in favor of such corporation from the county where the cause of action accrued, to the sheriff of any county in this State for service. The latter, that "it shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found, except in local actions, and except that in every species of personal actions in law where there is more than one defendant," etc. This latter is a negative act. It is also subsequent.

The rule is incontrovertible, that if a subsequent statute, contrary to a former, have negative words, it shall operate as a repeal of the former. Sedgwick on Statutes, 31. If a subsequent statute, contrary to a former act, have negative words, it shall be a repeal of the former act." Potter's Dwarris on Statutes, 154.

Where two statutes are repugnant to each other in their provisions, the latest expression of the legislative will must prevail. Mullen v. The People, 31 Ill. 444; Dingman v. The People, 51 Ill. 279; Sedgwick on Statutes 104.

Appellee's counsel take the position that this act of May 29, 1877, should not be regarded as the latest expression of the legislative will, because it was but the re-enactment of a stat-

ute which previously existed.    We do not concur in that posi-
tion.    There is peculiar significance, considering the circum-
stances, in the re-enacting of this statute; and, upon every
principle, it must be regarded as to its effects upon the repug-
nant statute of May 22, 1877, with at least as much consider-
ation and the same effect as if passed then for the first time.

This action was at law, not local, and against a sole defend-
ant, who did not reside and was not found in Cook county,
where the suit was brought, but in Champaign county.    This
was made to appear to the court by the affidavit in support
of the motion made at the same term of the judgment to
set it aside, and was wholly uncontradicted.    That affidavit
also showed a sufficient reason why there was no appearance
to set up this objection before judgment—that is, at the
first opportunity.    When these several matters were shown
by uncontradicted proof, that the process of the court had been
issued, directed to a county where defendant resided, but which
was other than that in which the suit was brought, in the face
of the statute prohibiting it, the court should have vindicated
the law, by instantly setting the judgment aside as irregularly
obtained; and it was such an abuse of discretion to refuse to do
so as to require the reversal of the judgment.

The judgment will be reversed and the cause remanded.

Reversed and remanded.