Dinckerlocker v. Marsh.

No. 9731.

DINCKERLOCKER v. MARSH.

CONSTITUTIONAL LAW.—*Criminal Law.*—*Fines and Forfeitures.*—*Judgments Replevied Before April 15th, 1881.*—*Imprisonment.*—*Habeas Corpus.*—*Statute Construed.*—The act of April 15th, 1881, Acts 1881, p. 560, providing for the collection of judgments for fines and forfeitures, by the issuance of an execution, and the imprisonment of the defendant upon the expiration of the stay secured to him by the entry of replevin bail, so far as it relates to judgments replevied before that date, is unconstitutional, and a writ of *habeas corpus* will lie to release a defendant so imprisoned.

SAME.—*Reply to Return.*—*Demurrer.*—*Departure.*—A reply to the return to such writ, alleging the issue and levy of an execution on real estate of the replevin bail, the sheriff's neglect to return the same, that such bail, for six months after becoming so, and for sixty days after the issue of such execution, was the owner of other property, real and personal, to the value of more than one thousand dollars, on which the judgment is a lien, is a departure from the petition, and insufficient on demurrer.

SAME.—*Jeopardy.*—Providing for the enforcement of an existing judgment, is not creating a second jeopardy, in violation of section 14 of the Bill of Rights, 1 R. S. 1876, p. 23.

SAME.—*Punishment Increased.*—A punishment may be lessened, but not increased, by a statute enacted after the commission of an offence.

SAME.—*Payment.*—*Replevin Bail.*—*Statute Construed.*—Under the criminal code of 1852, 2 R. S. 1876, p. 407, the entry of replevin bail, as well as payment, terminated the power to imprison under a judgment of conviction.

SAME.—*Ex Post Facto Law.*—*Contracts.*—*Replevin Bail.*—*Constitution.*—The 1st and 2d sections of the act of April 15th, 1881, Acts 1881, p. 560, do not conflict with section 14, but conflict with section 24 of the Bill of Rights, and are void so far as they attempt to restore a right to imprison where that right had been fully terminated by the entry of replevin bail.

SAME.—*Query.*—What effect has the statute on judgments rendered before, but replevied after, that date?

From the Harrison Circuit Court.

Dinckerlocker v. Marsh.

*W. N. Tracewell* and *R. J. Tracewell*, for appellant.

*D. P. Baldwin*, Attorney General, and *W. W. Thornton*, for appellee.

ELLIOTT, J.—The appellant petitioned the Harrison Circuit Court for a writ of *habeas corpus*, alleging in his petition that the appellee unlawfully restrained him of his liberty ; that the cause of such restraint is a mandate issued on the order of the prosecuting attorney of the said circuit court under the act of April 15th, 1881 ; that the petitioner was adjudged guilty of a misdemeanor by said circuit court on the 25th day of September, 1880, and that on that day Jacob F. Dinckerlocker replevied the fine and costs assessed against the petitioner. The restraint is alleged to be illegal, because, 1st. The 1st and 2d sections of the act of 1881 are in conflict with section 24, article 1, of the constitution of the State, and therefore void ; 2d. The said sections 1 and 2 are in conflict with section 14 of article 1 of the constitution.

The appellee, in his return to the writ issued at the suit of the appellant, alleged that he was the sheriff of Harrison county ; that, by virtue of a judgment rendered against appellant by the circuit court of said county, upon conviction of a misdemeanor, the appellant was committed to the jail of said county until the fine and costs assessed against him were paid ; that said judgment was replevied by Jacob F. Dinckerlocker. A copy of the mandate requiring the appellee to take the appellant into custody is made part of the return.

Exceptions were entered by appellant to the return, and were overruled. After his exceptions were overruled, the appellant replied setting up, substantially, these facts : That on the 29th of December, 1880, the State caused an execution to be issued on the judgment entered against appellant and replevied by Jacob F. Dinckerlocker ; that the sheriff duly levied said execution on the real estate of the said Jacob F. Dinckerlocker ; that the sheriff retained said execution, and neglected to return the same ; that, for six months

after the said Jacob F. Dinckerlocker entered himself as re-plevin bail, he was the owner of a large amount of personal property, and continued to be the owner thereof for more than sixty days after the execution came to the hands of the sheriff; that said Dinckerlocker, the replevin bail, was the owner of other real estate than that levied upon; that the judgment recited in the mandate is and has been a lien on said real estate since the entry of bail, and that it is of the value of more than one thousand dollars.

The appellee demurred to this reply, and the court sus-tained the demurrer.

Section 1 of the act of April 15th, 1881, provides that whenever a person is adjudged guilty of a misdemeanor, and punished by fine, and the judgment is replevied, the clerk shall, upon the expiration of the stay, issue to the sheriff a copy of said judgment, with his mandate attached, and, upon the receipt thereof, "it shall be the duty of the sheriff or constable to arrest the defendant and commit him to jail unless or until such fine and costs are paid."

Section 2 of said act reads as follows: "The provisions of this act shall apply to all fines heretofore assessed, as well as to all fines hereafter to be assessed." Acts 1881, p. 560.

The Legislature has in express terms declared that the act shall have a retroactive effect, and the only question for the courts is whether the Legislature had power to make the act operate upon judgments rendered before its enactment.

The act is not invalid under the 14th section of article first of the constitution of the State, for the convicted person is not put in jeopardy twice for the same offence. The only jeopardy in which he was ever placed is that which attached to the trial in which the judgment of conviction was ren-dered. The act of 1881 does not require that there shall be another trial, nor does it subject the convicted person to any second danger of conviction. Providing for the enforcement of an existing judgment is not creating a second jeopardy.

The question, whether the act is in conflict with section 24 of the Bill of Rights, is a much more difficult one than that which we have just discussed. The act we are examining does not create any new offence, and can not, therefore, be said to make that a crime which was not one before its enactment. It is not, within the strict meaning of the constitution, an *ex post facto* law. But it is held that where the punishment is increased by a subsequent statute, the constitutional provision referred to is violated. The punishment may be lessened, but it can not be increased. *Strong* v. *The State*, 1 Blackf. 193; *Commonwealth* v. *Mott*, 21 Pick. 492; *The State* v. *Arlin*, 39 N. H. 179; *Mullen* v. *People*, 31 Ill. 444. The statute we have in hand does not in terms profess to increase the punishment; it only professes to provide a remedy for the enforcement of a judgment of conviction rendered before its enactment. If the statute does no more than change an existing remedy it must be upheld, for it is well settled that the Legislature may change remedies as well in criminal as in civil cases. Cooley's Const. Lim. 272; Story Const., sec. 1345, *vide* author's note. The case turns, therefore, upon the question whether the statute does do more than change the remedy existing prior to its passage.

The law as it stood prior to the act of 1881, provided that, "When the defendant is adjudged to pay any fine and costs, the court shall order him to be committed to the jail of the county until the same are paid or replevied." The right to imprison is expressly limited by this statute. If the fine is either paid or replevied, the right to imprison ceases. If the fine had been paid, there could thereafter have been no imprisonment, and the express language of the statute gives to the entry of replevin bail the same effect as is given to payment, and what is true of payment must be true of the entry of replevin bail. If payment destroys the right to imprison, so also must the replevin of the judgment. We think it would not be within the power of the Legislature to restore the right to imprison after it had been determined

by payment, and that the same rule applies to cases where the judgment is replevied. It is true that the entry of replevin bail does not, as a general rule, satisfy or discharge the judgment; it simply suspends its operation and enforcement. But, under the peculiar language of the act of 1852, the entry of replevin bail does terminate the power to imprison. The Legislature had no power to restore to life an extinct right. This is in effect what this statute attempts to do, notwithstanding it professes to do no more than change a remedy. By complying with the statute in force when the judgment was rendered, the appellant had secured immunity from imprisonment, and in our judgment the Legislature had no power to take away this immunity by a subsequent statute. When the appellant had done all that the law required that he should do to escape imprisonment, the Legislature could not deprive him of the right thus fully vested, and place him again in peril of imprisonment by giving an after-enacted statute a retrospective effect. Such a statute does more than change the remedy. It places the accused in a situation of danger, not of a second conviction, but of a deprivation of personal liberty, from which by an act fully consummated he had, according to law, completely freed himself. The case in hand falls clearly within that of *Moore* v. *The State*, 24 Alb. L. J 306, where the subject is very ably and exhaustively discussed. This statute is not merely a *retroactive* law, acting only upon the remedy, as was the case in *Ex parte Bethurum*, 66 Mo. 545, but is a statute attempting to add the penalty of imprisonment, from which the accused had fully relieved himself in strict conformity to the law in force when the act was committed and the judgment entered. The attempt here is not to provide for adjudging a penalty, proper and just under the law existing, when the offence was committed and judgment rendered, but to provide a penalty which the accused could not possibly have been compelled to suffer under the law existing when the judgment was rendered, and in force at the time

he had secured himself against the possibility of legal imprisonment. The act of 1881, so far as it relates to judgments entered and replevied before it took effect, is unconstitutional. We are not called upon to decide what its effect is as applied to judgments, rendered before, but replevied after, it went into force.

The court erred in overruling appellant's exceptions to the return. The demurrer to the reply was properly sustained. There was a plain departure from the petition.

Judgment reversed, at the costs of the appellee.

WORDEN and WOODS, JJ., concur in the conclusion reached, but not entirely upon the ground upon which it is placed in the principal opinion.