## HICKS *v*. THE STATE.

[No. 18,427.   Filed April 19, 1898.]

CRIMINAL LAW.—*Punishment Increased.—Ex Post Facto Law.*—Punishment may be lessened, but it cannot be increased, by a statute enacted after the commission of the offense.  *p. 294.*

SAME.—*Bigamy.— When the Crime Does Not Come Within the Purview of Indeterminate Sentence Law.*—The word "punishable" as used in section 1, of the Indeterminate Sentence Law (Acts 1897, p. 219), applies only to those crimes which actually are, and not which may be, punished by confinement in the State prison, and where a person found guilty of bigamy does not, in the opinion of the court or jury trying the case, deserve punishment greater than a fine and imprisonment in the county jail, such case does not come within the purview of the Indeterminate Sentence Law.  *pp. 297-299.*

From the Floyd Circuit Court.   *Affirmed.*

*Kelso & Kelso*, for appellant.

*W. A. Ketcham*, Attorney-General, *W. C. Utz, Merrill Moores, A. E. Dickey* and *W. M. Aydelotte*, for State.

McCABE, J.—The appellant was indicted in the Floyd Circuit Court for bigamy.  On a trial of the charge by the court without a jury, he was found guilty, and his punishment fixed at a fine of one dollar, and confinement in the jail of the county for three months, and judgment was rendered accordingly.  The record and assignment of errors are sufficient to present for decision the question discussed by appellant's counsel, namely, whether the law by virtue of which it is claimed by them appellant was convicted was not an *ex post facto* law as to appellant's offense, and therefore unconstitutional.  The offense was committed, as shown both by the indictment and appellant's own special plea of confession and avoidance, on April 8, 1896.  But the indictment was not returned until May 15, 1897, after the indeterminate sentence law

of 1897 took effect. Acts 1897, p. 69. Appellant's learned counsel contend that that law changed the penalty prescribed for all felonies other than treason and murder in the first and second degrees, and hence as to the offense here charged, such punishment is *ex post facto,* and violative of the constitution. Punishment may be lessened, but it cannot be increased constitutionally by statute enacted after the commission of the offense. *Dinckerlocker* v. *Marsh,* 75 Ind. 548; *Strong* v. *State,* 1 Blackf. 193; *Commonwealth* v. *Mott,* 21 Pick. 492; *State* v. *Arlin,* 39 N. H. 179; *Mullen* v. *People,* 31 Ill. 444. Assuming that the change effected in the punishment of that class of felonies falling within the indeterminate sentence law, by virtue thereof is such as to render it violative of the constitution as to offenses committed before its enactment and prosecuted thereafter, and assuming that the offense here involved falls within that law, appellant's counsel, to make sure of no escape from the conclusion they seek, go into an elaborate and mysterious, if not ingenious, argument to the effect that there is no saving clause or statute left standing and in force by which such an offense, committed before the enactment of the law in question, as in the case here, can be thereafter prosecuted and punished according to the old law. We find it quite unnecessary to go into an examination of the abstruse and incomprehensible questions so extensively urged upon our attention, because the assumptions of counsel above mentioned we find have no foundation whatever. It may be safely conceded that both the indeterminate sentence law and the reformatory act have the effect of modifying or changing the punishment of that class of felonies falling within their respective provisions, without affecting the question here involved. And assuming, without deciding, that the change in such punishment

is of such a character as to offenses committed before their enactment respectively, as to make the same *ex post facto*, still that cannot affect the question here involved, unless the felony here involved falls within the provisions of the indeterminate sentence law as appellant's counsel have erroneously assumed that it does, or the reformatory act.    Section 2075, Burns' R. S. 1894 (1989, Horner's R. S. 1897), defines bigamy and prescribes the punishment of imprisonment "in the state prison not exceeding five nor less than two years, or be fined not exceeding one thousand dollars, and be imprisoned in the county jail not less than three nor more than six months."    This is a felony according to our statutory classification of public offenses. Because it is provided by the code of criminal procedure that: "All crimes and public offenses which may be punished with death or imprisonment in the state prison shall be denominated felonies, and all other offenses shall be denominated misdemeanors."    Section 1642, Burns' R. S. 1894 (1573, Horner's R. S. 1897). Appellant's counsel in reaching the assumption that this case falls within the indeterminate sentence law, have assumed, without any foundation whatever, that the appellant was over thirty years of age.    There is not a thing in the record showing what the age of appellant was when he was convicted.    Without a finding by the court or jury trying the facts what the age of the accused is, there is no means of knowing whether the case falls within the provisions of the indeterminate sentence law or the reformatory act, if it were otherwise within the purview of either, because the former is applicable only to male offenders thirty years of age or over, while the latter exclusively applies to male offenders between sixteen and thirty years of age.    So that we must determine whether the crime of which appellant was convicted falls within

the purview of either act.   Evidently the trial court was of the opinion that it did not fall within either or the court would have found what appellant's age was.   Evidently the legislature did not intend to include within the indeterminate sentence law or the Indiana reformatory act any felony where adequate and proper punishment is less than imprisonment in the State prison, because otherwise they must have intended, in cases like the present, to substitute imprisonment in the State prison or the Indiana reformatory for such felonies as may be adequately punished by a few days in the county jail and some small fine, such as, in this case, one dollar fine and three months in the county jail.   To hold that the legislature intended to substitute the severer punishment of a penitentiary sentence for a jail sentence, in cases deserving no higher or severer punishment than such jail sentence and a fine, would be in conflict with the reformatory character pervading both acts, and the general spirit of both acts.   To say that the intent of the act is to reform offenders by sending them to the penitentiary instead of the jail, where formerly they would have gone, is to accuse that body of a lack of common sense.   The first section of the indeterminate sentence law reads thus:   "That whenever any male person thirty years of age or over, shall be on trial for any felony, which is punishable by imprisonment in the state's prison, except treason, and murder in the first and second degrees, the court or jury trying said cause shall ascertain only whether or not the person is guilty of the offense charged; if more than one offense is charged, then it shall be found by such court or jury trying such person as to which of such offenses such person is guilty, if of either, and of which such person is not guilty, if of either.   Instead of pronouncing upon such person a definite time

of imprisonment in the state prison for a fixed term, after such finding or verdict, the court trying said cause shall pronounce upon such person an indeterminate sentence of imprisonment in a state's prison for a term, stating in such sentence the minimum and maximum limits thereof, fixing as the minimum time of such imprisonment the term now or hereafter prescribed as the minimum imprisonment for the punishment of such offense, and as the maximum time, the maximum time now or hereafter prescribed as a penalty for the commission of such offense." The meaning of the first clause in the section is controlled by the meaning of the word "punishable." And that clause largely controls the meaning of the whole section. The word "punishable" is defined by Webster to mean deserving of or liable to punishment. If the language had been as in the section just quoted classifying offenses, namely, "all crimes which may be punished with * * * imprisonment in the state prison" we should have a very different question before us. But the meaning of the sentence is as if the legislature had said that whenever any male person thirty years of age or over, shall be on trial for any felony which deserves punishment by imprisonment in the State prison, or which is a necessary part of the punishment of his crime, except treason and murder in the first and second degrees, the court or jury trying the cause shall, etc. That would make the section include all that class of felonies where imprisonment in the State prison is a necessary part of the punishment prescribed, and a part of the class where, as in the case before us, such imprisonment in the discretion of the court or jury trying the case may be imposed, namely, that part of that class where the court or jury trying the case deem the offense proved under the circumstances deserving of punishment

in the State prison. But the other part of the class, namely, such as the one before us where the jury or court trying the case do not deem the offense of such malignancy as to deserve or require imprisonment in the State prison, does not fall within the purview of the section just quoted. This view is further strengthened by the fact that in no part of the section, and especially that part following the word "punishable," is provision made as to that part of the punishment for any felony which may, in the discretion of the jury or court trying the case, consist of a fine and imprisonment in the county jail instead of imprisonment in the State prison, or the Indiana reformatory. Liability to such punishment under the various felony statutes cannot be abrogated unless done so expressly, or by legislation absolutely repugnant thereto. And this we have seen has not been done by the indeterminate sentence law. This principle was, in effect, ruled in *Miller* v. *State*, 149 Ind. 607. That was a prosecution for burglary and larceny under the reformatory act, there being nothing said in said act about other penalties and punishments than imprisonment in the State prison. It was there said: "The judge now fixes not only the punishment as to imprisonment, but as to all other penalties prescribed by the section of the criminal code with the violation of which the defendant was charged. In this case, the court ought to have adjudged as part of the punishment that appellant be disfranchised and rendered incapable of holding any office of trust or profit for some determinate period." But in cases like the one before us, if tried by a jury the court ought to instruct them, if, in their opinion the offense was not deserving of punishment by imprisonment in the State prison they should proceed to return a verdict precisely as if the indeterminate sentence law or the reformatory act had never

been passed. The court trying this case proceeded just as if the acts in question had never been passed. And that was right, if the court thought imprisonment in the State prison was greater punishment than the offense proved, under all the circumstances disclosed by the evidence deserved. The law presumes that the trial court decided correctly until the contrary is made affirmatively to appear in the record. The contrary does not appear to the presumption that•the court inflicted only a fine and a jail sentence because it was of opinion that a penitentiary sentence was greater punishment than the offense proved under all the circumstances disclosed by the evidence deserved. Hence the class of felonies to which this case by the decision of the trial court is made to belong does not fall within the purview of the indeterminate sentence law. And for the same reason it does not fall within the provisions of the reformatory act. Therefore none of the questions so elaborately discussed in the briefs as to the effect of the indeterminate sentence law upon punishments and penalties of that class of felonies falling within its provisions committed before its enactment, and prosecuted thereafter, arises in the case now before us, and for that all sufficient reason we do not decide them. The judgment is therefore affirmed.