### JAMESON v. STATE OF INDIANA.

[No. 24,767. Filed October 6, 1925.]

1. SEARCHES AND SEIZURES.—*An automobile may be searched without warrant when its driver is lawfully arrested for an offense.*—Persons lawfully arrested for driving an automobile at an unlawful speed may be searched without warrant, and the search may extend to the automobile and the contents of packages in their possession. p. 485.

2. INTOXICATING LIQUORS.—*Evidence of transportation is admissible obtained in the search of an automobile when driver is lawfully arrested.*—When the driver of an automobile is lawfully arrested for an offense, he and his automobile may be searched without warrant, and the evidence so obtained as to the transportation of liquor is admissible. p. 485.

From Marion Criminal Court (56,359); *James A. Collins,* Judge.

Oliver B. Jameson was convicted of transporting liquor in an automobile, and he appeals. *Affirmed.*

*T. Ernest Maholm,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

GEMMILL, J.—Appellant and another were charged by affidavit with the offense of unlawfully, knowingly and feloniously transporting intoxicating liquor in an automobile. The affidavit was based on ch. 34 of the act of 1923, Acts 1923 p. 107. He was tried by the court without a jury and found guilty. The judgment was that he be fined one hundred dollars and costs and be imprisoned for not less than one nor more than two years.

The only error assigned by appellant is that the court erred in overruling his motion for a new trial.

The evidence, which is uncontradicted, shows as follows: That two deputy sheriffs of Marion county arrested the appellant and one Fowler, who was with him, for the offense of driving an automobile at an unlawful rate of speed in said county. That they were driving at the rate of forty miles an hour. That after the arrest of the appellant and the other party, there was a conversation between them and the officers, in which the former stated that they had thirty-five quarts of whisky in the automobile, and that the officers did not need a key to get into the automobile. That after said conversation, the officers, who did not have a search warrant, found the whisky in the automobile.

Appellant claims that the court erred in overruling and denying defendants' verified petition to suppress the evidence, which was obtained by reason of the search and seizure of the automobile in which they were riding, by the deputy sheriffs, without any warrant for the arrest of the defendants, and without any search warrant authorizing the search and seizure of said automobile or the contents thereof; and that the evidence so obtained was not admissible; that there was error

in admitting it in the trial, and that the evidence was obtained in violation of the Constitution of the State.

These identical questions were decided by this court in *Haverstick* v. *State* (1925), *ante* 145, 147 N. E. 625.

In that cause, the court held that persons lawfully arrested for driving an automobile at an unlawful speed, which is a misdemeanor, may be searched without warrant, and the search may extend to an automobile and contents of packages in their possession without violating Art. 1, §11, of the State Constitution, and facts thereby discovered as to unlawful transportation of liquor are admissible in evidence against them. The questions raised by appellant are carefully and fully discussed in the opinion mentioned. That opinion is sustained by many authorities which are cited therein, and we adhere to that decision.

The evidence objected to by appellant was admissible, the evidence of the state was sufficient to sustain the finding of the court as to appellant's guilt, and the finding of the court was not contrary to law. The court did not err in overruling the motion for a new trial.

Judgment affirmed.