BUDREAU *v.* STATE OF INDIANA.

[No. 24,678. Filed November 20, 1925.]

1. INTOXICATING LIQUORS.—*Affidavit charging unlawful transportation of intoxicating liquor in language of the statute held sufficiently definite and certain.*—An affidavit charging the unlawful transportation of intoxicating liquor in the language of the statute (Acts 1923 p. 70) was sufficiently definite and certain to state a public offense. p. 12.

2. INTOXICATING LIQUORS.—*Word "transport" in the prohibition law not limited to transportation by one for another or for hire.*—The word "transport," as used in §4 of the prohibition law of 1917, as amended in 1921 and 1923 (Acts 1921 p. 736, Acts 1923 p. 70) was not limited to a transportation by one for another or to a transportation for hire, but it includes carrying such liquor in one's own conveyance for his own purpose. p. 12.

3. SEARCHES AND SEIZURES.—*Officer could arrest one guilty of transporting intoxicating liquor in an automobile, though offense not committed within his view, and could then seize the liquor as incriminating evidence.*—An officer had the right to arrest the defendant for transporting intoxicating liquor in an automobile, which constituted a felony under Acts 1923 p. 108, where he had been informed that defendant had recently violated that statute, and could then seize such liquor as incriminating evidence, although he did not charge the defendant with feloniously transporting liquor. p. 13.

4. INTOXICATING LIQUORS.—*Evidence held sufficient to sustain conviction for unlawfully transporting liquor.*—Evidence held sufficient to sustain conviction for unlawfully transporting intoxicating liquor. p. 15.

5. INTOXICATING LIQUORS.—*Verdict finding defendant guilty of unlawfully transporting intoxicating liquor was not contrary to law as against contention that liquor transported was for the personal and "medical" use of defendant.*—A verdict finding the defendant guilty of unlawfully transporting intoxicating liquor was not contrary to law on the ground that the liquor was intended for his own personal and "medical" use when he had not consulted a physician in relation to the ail-

ment for which he wanted the liquor, did not have a physician's prescription authorizing him to obtain such liquor, and one of two bottles in which he obtained the liquor was nearly empty. p. 15.

From Benton Circuit Court; *Burton B. Berry,* Judge.

Cales E. Budreau was convicted of unlawfully transporting intoxicating liquor, and he appeals. *Affirmed.*

*Burke Walker,* for appellant.

*U. S. Lesh,* Attorney-General, *Arnet B. Cronk* and *Carl Wilde,* for the State.

TRAVIS, J.—Appellant was charged in an affidavit with having unlawfully transported intoxicating liquors. Acts 1923 p. 70. A judgment of a fine and imprisonment followed a verdict of guilty. Appellant limits the matter to be considered in this appeal by the statement made in his brief as follows: "The state prosecuted the case upon the theory that any movement or carriage of intoxicating liquors by appellant was an unlawful transportation. Appellant defends upon the theory that the mere carriage by him of a small quantity of intoxicating liquor for his own personal and medical use, was not a violation of the law." Appellant's motion to quash, which challenged the affidavit for the reasons that the facts stated do not constitute a public offense, and the offense is not stated with sufficient certainty, was overruled. Appellant's motion for a new trial for the causes that certain evidence was admitted over his objection for the reason that the liquor in the controversy was found and held by an unlawful search and seizure, for the giving and refusing of certain instructions, and that the verdict was not sustained by sufficient evidence and was contrary to law, was overruled.

According to appellant's testimony in his own behalf upon his direct examination, he made a trip to

the city of Lafayette in the forenoon of October 15, and arrived there between half past ten and eleven o'clock in the morning, which trip was made for the purpose of getting his shotgun which he had previously left with a gunsmith to be repaired. He ate his dinner at a local restaurant, after which he stopped along the sidewalk near the court-house square, and while there met another man of whom he asked where he might obtain some good whisky. From the information given him by his newly-made acquaintance he went to a certain pool room, and there, for $10, obtained two bottles of good whisky. He placed the two bottles under his overcoat between the front and rear seats of his automobile, and about half past two o'clock in the afternoon left Lafayette to return home. On his way home he stopped and took a drink of liquor out of one of the bottles and then drove on to Oxford, where he stopped to see a friend who conducted a restaurant. When he entered the restaurant, the only people present were the wife of the proprietor and a man whom he did not know. Upon his inquiry for the wife's husband, she informed him that the husband was upstairs asleep. While she was upstairs waking her husband, the man in the restaurant told appellant that he was dry, and appellant told him that if he desired he could go across the street to his automobile and get a drink. They both went outside the restaurant and there met another man who asked appellant if he had liquor in his car, and he said that he had, and they went across the street to the automobile, after which the one whom they met outside the restaurant took the liquor in charge and placed it in the front seat, and the two men with appellant and another whom they took in, drove to Fowler, the county seat. On cross-examination, appellant testified that he had been having trouble with his heart after two attacks of influenza about two years before, and that he

took the drink from the bottle on the way home from Lafayette as a medicine, and that he bought the whisky so that he might have some of it in the evening each day during the time he was husking his corn, and that he was taking it in this manner because of his illness. The man whom appellant saw in the restaurant with the proprietor's wife when he first entered, testified that he was a minister, and, during the absence of the proprietor's wife, appellant said to him that he wanted to take the proprietor to the edge of town and give him a drink, and that, after the proprietor's wife had returned from going upstairs to waken her husband, and while she was again engaged in conversation with appellant, he stepped out to an adjoining store and telephoned to the constable, the man whom appellant met just outside when he and the minister left the restaurant. This witness was looking out the restaurant window when appellant drove up from the east and stopped across the street just before he came to the restaurant. This second man whom appellant met testified that he was a deputy constable and that after the conversation with appellant previous to crossing the street, and after crossing to the automobile, he placed the appellant under arrest, and then saw the neck and part of a bottle which contained a liquid which he thought was whisky protruding from a newspaper, all of which was partially covered by an overcoat; that after taking out the partly empty bottle, he lifted the overcoat and found the other full bottle; and then asked the minister to drive the automobile to Fowler, the county seat; and that the appellant was intoxicated, so much so that he considered it unsafe to permit him to drive the machine back to Fowler. At Fowler, they took appellant before the prosecuting attorney and called the sheriff. Appellant, in the presence of the deputy constable, the sheriff, and prosecutor, admitted

that he had transported the liquor, and told where he procured it, and the amount he paid for it.

Concerning the motion to quash, appellant's point that the affidavit is uncertain, for which reason it does not state a public offense, has already been decided 1. in the case of *Asher* v. *State* (1924), 194 Ind. 553, 142 N. E. 407, 143 N. E. 513, which holds that an affidavit in the language of the statute is sufficiently definite and certain to state a public offense.

Appellant makes the further point why the affidavit should be quashed, that the word transportation as used in the title of the act which creates the offense, 2. (Acts 1917 p. 15), is used only incidentally in the text of the act, and that the word "transportation" in §4, as amended, neither creates nor defines transportation of liquors, but has reference to transportation in the text of other sections of the act in the sense of a shipment. (Acts 1917 p. 15, §§14, 15, 16, 17, 18 and 30.) Again, this court has held (*Asher* v. *State, supra*) that a carrying of intoxicating liquor less than a shipment, as that term is used in §§14, 15, 16, 17, 18 and 30, Acts 1917 p. 15, as interpreted by appellant, constitutes a transportation, and therefore is an offense under §4 of the act as amended. As we interpret appellant's presentation of this point he contends that nothing less than a carrying by a common or other carrier for hire can legally be interpreted under this law as a transportation. A decision which we examined with care and with deference because of its origin, holds that transportation as used in the Eighteenth Amendment to the Constitution of the United States, and in the National Prohibition Act, is to be taken in its ordinary sense because it comports with the object to be attained, and, in that sense, transportation comprehends any real carrying about, and that, to be a transportation, it is not essential that the carrying be for hire, or

by one for another, or that it be incidental to the transfer of ownership or possession or title, but that if one carries such liquor in his own conveyance for his own purpose, the act constitutes transportation, as that word is used in the amendment and the act. *Cunard S. S. Co.* v. *Mellon* (1923), 262 U. S. 100, 43 Sup. Ct. 504, 67 L. Ed. 894, 27 A. L. R. 1306. We are of the opinion that the definition of the word "transportation," as used in amended §4, Acts 1923 p. 70, is not to be limited to a transportation by one for another, or that it be for hire, as contended by appellant in a construction of a transportation mentioned in any other section of the act.

Appellant further contends that certain evidence was wrongfully permitted to be introduced over his objection, for the reason that the liquor was found and

3. taken by the officer without any search warrant, and argues with much force that appellant had committed no misdemeanor in the presence of the officer, and that he had no legal excuse to arrest him, and not having a right to arrest, he had no right to take the liquor, because it was, at the time, if anything, merely possessed by appellant, and was not being transported, nor was any other act being done concerning it which constituted an offense against the law in the presence of the officer. In answer to this, the officer learned of appellant and his automobile and whisky through the minister who telephoned to him, and, as he was permitted to testify, that the former informed the officer that the appellant had but a few minutes before driven his automobile down the street and stopped the same opposite the restaurant, and, by appellant's testimony, he had told the minister, previous to the time the liquor came upon the scene, that he had liquor in the automobile, and the presumption immediately arose that appellant not only transported intoxicating liquor, but that

he transported intoxicating liquor in an automobile, which constituted a felony. Acts 1923 p. 108. Upon this information, although the acts had not been committed in the presence of the officer, he had the right to arrest appellant for transporting intoxicating liquor in an automobile and thereafter to seize such intoxicating liquor contained therein, as incriminating evidence. Because appellant was not charged with the greater of the two offenses, does not detract from the right to arrest for the commission of a felony although not committed within the presence of the officer.

It is claimed the trial court committed error in refusing to give certain instructions tendered by appellant, and by giving certain instructions tendered by appellee, and one instruction given upon the court's own motion, all over the objection of appellant. The length to which we need to go in passing upon these instructions is limited by appellant by his statement in his brief, that, "The instructions complained of fall within either of the two theories, the one of the state and one of appellant, as hereinbefore stated. Those instructions complained of that were given were upon the theory that any movement of intoxicating liquor and particularly as applied to the evidence, was an unlawful transportation; and those not given were drafted upon the theory that the mere carriage of a small quantity of intoxicating liquor for one's own personal and medical use was not a violation of the law." Inasmuch as counsel for appellant has so well defined his position and his claim, it is unnecessary to show the instructions here. The treatment of the error claimed in overruling the motion to quash applies in a consideration of the error claimed concerning the instructions. The point to be decided is not drawn so fine as the theory above set forth by appellant, which is the carrying of a very small quantity of intoxicating liquor for a very short.

distance, only the amount of liquor and the distance the same was carried, as shown by the evidence, is considered or relied upon to reach the decision in this case. Other evidence in the case was to the effect that although appellant testified he only took one drink of liquor on the way home from Lafayette, the bottle from which he drank was nearly empty. Such a "personal" use of the liquor was not such a personal and "medical" use of the liquor under the evidence as not to constitute a violation of the law, but was sufficient upon which to base the presumption that appellant had consumed as a beverage that part of the whisky he drank, and that what remained in the bottle was intended by appellant to be used as a beverage, for which reason, the court did not err in its refusal to give and in giving the instructions complained of.

Upon admissions of appellant in his brief, considered with the evidence herein narrated, we conclude that the evidence was sufficient to sustain the verdict.

4.

The question whether the verdict is contrary to law under the points made in the brief depends upon the answer to the question whether appellant under the law might carry with him the intoxicating liquor as herein delineated by the evidence, for his own personal and medical use. In connection with the consideration of the point raised under this cause for a new trial, an additional review of the evidence shows that appellant had not consulted a physician in relation to the ailment he complains of concerning the use of intoxicating liquor, neither did he have a prescription of a physician which permitted him to obtain intoxicating liquor under the law. We are therefore impelled to hold that appellant's claim of immunity from the law because he carried but a small quantity of intoxicating liquor for his own personal and medical

5.

use, which amount was contained in two bottles, is not well founded in law, and that the verdict was not contrary to law.

Judgment affirmed.