## ALLGAIER v. STATE OF INDIANA.

[No. 25,481. Filed January 4, 1929. Rehearing denied March 7, 1929.]

*William D. Hardy,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Bernard A. Keltner,* Deputy Attorney-General, for the State.

GEMMILL, J.—Appellant and another were charged by affidavit with the unlawful and felonious transportation of intoxicating liquor in an automobile. Acts 1925, ch. 48, §7, §2720 Burns 1926. He entered a plea of not guilty. The trial was by the court without a jury. Upon a finding of guilty, a judgment of fine and imprisonment was entered. A motion for a new trial was filed and was overruled. Overruling of same is assigned as error in this court.

It is claimed that the court erred in the admission of the evidence of three police officers as to what was discovered by them by a search of defendant's automobile.

The appellant was arrested for the misdemeanor of driving a motor vehicle during the period from one-half hour after sunset to one-half hour before sunrise without any rear light on same. This misdemeanor was committed in the presence of the officers. There was evidence that he was guilty of this charge, and the conflicting evidence in regard to same will not be weighed on appeal. It appears that the arrest was lawful. This court has held that a person lawfully arrested for committing a misdemeanor may be searched without a warrant, and the search may extend to an automobile which he was driving at the time.

*Haverstick* v. *State* (1925), 196 Ind. 145, 147 N. E. 625; *Jameson* v. *State* (1925), 196 Ind. 483, 149 N. E. 51. After the arrest was made, appellant was taken to the jail, where the automobile was searched. This search was made soon after the arrest and was incident to same. The arrest of appellant, and the search of the automobile which he was driving, being lawful, the testimony to which objection was made was competent. In the automobile, seven quarts of whisky were found. Two bottles of the whisky were introduced in evidence. Same constituted competent evidence. The whisky so found was intoxicating liquor. The finding of the court was sustained by sufficient evidence and the finding was not contrary to law.

The appellant has filed his petition for an oral argument herein, but as his case has been thoroughly briefed, and the questions involved have been clearly stated, nothing could be gained by an oral argument. Therefore, his petition for same is denied. *Young* v. *State* (1923), 194 Ind. 221, 141 N. E. 309; *Parrett* v. *State* (1928), *ante* 7, 159 N. E. 755.

Finding no reversible error, the judgment is affirmed.