### DeLong *v.* State of Indiana.

[No. 25,297.    Filed October 4, 1929.]

*Robbins, Strayer & Robbins,* for appellant.

*Arthur L. Gilliom* and *James M. Ogden,* Attorney-Generals, *Edward J. Lennon, Jr.,* and *E. Burke Walker,* Deputy Attorney-Generals, for the State.

MARTIN, J.—Appellant was tried by the court under an indictment which charged the unlawful transportation of intoxicating liquor (under Acts 1925, ch. 48, §7, §2720 Burns 1926), and was found guilty, fined and sentenced to imprisonment. He assigns as error the sus-

taining of a demurrer to his plea in abatement, and the overruling of his motions to quash the indictment and for a new trial; in the latter, it being alleged that the finding of the court is not sustained by sufficient evidence, and is contrary to law, and that the court erred in admitting certain evidence.

The State's evidence, which was undisputed, shows that the appellant, Charles DeLong, and Claude Brown were arrested at 4 a. m. May 31, 1926, while they were driving into the city of Indianapolis on Keystone Avenue in an automobile. The automobile was owned by DeLong, and Brown was at the steering wheel. Three deputy sheriffs, who made the arrest, saw them cross the Allisonville Road at a high rate of speed, pursued them—checking their speed at at least 37 miles per hour—stopped them and placed them under arrest for speeding. After the arrest, the officers discovered the odor of alcohol about the car and asked DeLong how much liquor he had, and he said 23 cans. The officers could see one five-gallon square can between DeLong's feet in the front of the car, and thereafter, they searched the car and found 23 cans (115 gallons) of alcohol, one and one-half gallons of roofing nails, a rifle in between DeLong and Brown, which was loaded with a quantity of 32-20 flat-nosed cartridges—known as "Dum-dum" cartridges. DeLong then told the officers that the liquor belonged to him— that he got it at Chicago Heights. He was acquainted with the officers, having been arrested by them on former occasions, and asked if there was not some way to square this up and to let him and Brown get out and run. He also endeavored by threats to have the officers release him. The evidence is sufficient to sustain the finding of the court.

The only evidence offered by the defendant was a certified copy of an affidavit filed in the municipal court

of Marion County, charging *Claude Brown* with
violating the automobile speed law on May 31,
1926, by driving at a rate of speed that exceeded
35 miles per hour, which affidavit was indorsed on
the back: "Discharged, T. C. Whallon, Judge Pro.
Tem." The court properly excluded this offered evi-
dence for the following reasons: *First,* a judgment, as
shown by the court's docket is always evidence of the
fact that such judgment has been given, *Maple* v. *Beach*
(1873), 43 Ind. 51; *Richardson* v. *Vice* (1835), 4 Blackf.
(Ind.) 13; and a pleading filed in a case (although gener-
ally admissable in evidence, *Manor* v. *Board, etc.* [1894],
137 Ind. 367, 34 N. E. 959, 36 N. E. 1101), showing a
notation thereon by the judge of his judgment, is not the
best evidence of such judgment and should not be re-
ceived to prove the action of the court in the absence of
a showing that the record of the court is unavailable.
*Second,* a record showing the discharge of *Claude Brown*
is no evidence that *Charles DeLong* was acquitted of a
charge of exceeding the speed law. *Third,* the question of
whether a defendant was or was not prosecuted (or con-
victed) on a charge is not conclusive of the question of
whether the arrest on that charge was made upon prob-
able cause. (See discussion *infra.*)

The appellant contends that his arrest on the speeding
charge was unlawful and that the evidence obtained by
the search, which was made without a search
warrant, was improperly admitted. The officers
had reasonable and probable cause for making
the arrest for a violation of the automobile law when it
appeared to them that the occupants of the automobile
were driving at a greater speed than was reasonable and
prudent, etc., as provided by the law then in force, Acts
1925, ch. 213, §39, §10140 Burns 1926. The fact that ap-
pellant's codefendant was "discharged" cannot affect the
status of the appellant's arrest, and even if appellant had

been found not guilty of the speeding charge, that fact of itself would not invalidate the arrest. An acquittal is not *prima facie* evidence of a want of probable cause. Note 64 L. R. A. 474; *Bekkeland* v. *Lyons* (1903), 96 Texas 255, 72 S. W. 56, 64 L. R. A. 474; *Davis* v. *McMillan* (1905), 142 Mich. 391, 105 N. W. 862, 3 L. R. A. (N. S.) 928, 113 Am. St. 585, 7 Ann. Cas. 854. Reasonable and probable cause for making an arrest cannot be made to depend upon the establishing of the crime for which the accused is arrested. *Doering* v. *State* (1874), 49 Ind. 56, 19 Am. Rep. 669. The arrest upon the speeding charge was a lawful arrest.

A person lawfully arrested for committing a misdemeanor may be searched without a warrant, and the search may extend to an automobile which he was operating at the time. *Allgaier* v. *State* (1929), 200 Ind. 583, 164 N. E. 315; *Haverstick* v. *State* (1925), 196 Ind. 145, 147 N. E. 625; *Jameson* v. *State* (1925), 196 Ind. 483, 149 N. E. 51; *Koscielski* v. *State* (1927), 199 Ind. 546, 158 N. E. 902; *Budreau* v. *State* (1925), 197 Ind. 8, 149 N. E. 442. The arrest of appellant and the search of the automobile which he was operating being lawful, the evidence to which objection was made was competent.

It further appears from the evidence set out above that the search of appellant's automobile (in addition to being justified as an incident to the arrest on the speeding charge) was justified because of the reasonable and probable cause which the officers had for believing that the felony of unlawful transportation of intoxicating liquor was being committed in their presence. By the sense of smell, they detected the odor of alcohol coming from the car (the season of the year precluded the possibility of the odor being from a nonfreezing radiator solution); by the sense of sight, they saw a can of alcohol—the appearance of which was

well known to them as officers—in plain view in the bottom of the car; and, by the sense of hearing, they heard from appellant's own lips that he had in the car 23 cans of alcohol. Hanger v. State (1928), 199 Ind. 727, 730, 160 N. E. 449; Burnett v. State (1927), 199 Ind. 49, 155 N. E. 209; Boyd v. United States (1923), 286 Fed. 930; Murphy v. State (1926), 197 Ind. 360, 151 N. E. 97; Berry v. State (1926), 197 Ind. 212, 150 N. E. 315.

Objection is made to the overruling of the appellant's motion to strike out an answer made by one of the State's witnesses as to what was found in the car. The answer was: "We found that rifle in between the boys and the gallon and a half of roofing nails, also twenty-three cans of alcohol. They throw out the nails whenever anyone gets after them." That portion of this answer which states the use to which the nails were put is not responsive to the question, and is the expression of what the witness has heard, has concluded, or believes. It is improper, but, in view of the very plain state of facts in this case, its inclusion did not harm the appellant. No error was committed by the court in overruling the motion, which was directed to the entire answer—which included matter which was proper and not subject to appellant's objection.

The appellant contends that the indictment is insufficient because it does not negative the exception created by the proviso in §7 of the act concerning the transportation of intoxicating liquor for such purposes or uses as are not unlawful, and that the court erred in overruling appellant's motion to quash the indictment. This action of the court was correct, for, where an offense is created by statute and an exception is made, either by another statute or by another subsequent clause of the same statute, it is not necessary for the prosecuting attorney, either in the indictment or by the evidence, to show that the defendant does not come

within the exception; but it is for the defendant to prove the affirmative, which he may do under a plea of not guilty. The affidavit charged the offense in the language of the statute, and charged that the transportation was unlawful, and it was not necessary to anticipate nor negative the exception contained in the subsequent clause. *Volderauer* v. *State* (1924), 195 Ind. 415, 143 N. E. 674; *Rhodehamel* v. *State* (1927), 199 Ind. 520, 157 N. E. 49; *Richardson* v. *State* (1928), 200 Ind. 420, 164 N. E. 269.

The appellant filed in the lower court a verified motion, entitled a "plea in abatement," which alleged that the indictment was found solely upon evidence obtained by an illegal search; that neither of the officers had a search warrant" nor had probable cause to search the car; that the arrest was not made until after the discovery of the intoxicating liquor and that no evidence existed of a law violation, except that obtained by an illegal search, and prayed "that this action be abated." This is not sufficient as a plea in abatement, and the court properly overruled the same. The averments of the plea are conclusions, and they do not anticipate and exclude all such matter as would, if alleged by the State, defeat the plea, such as the proposition that, under the circumstances (hereinbefore stated), no warrant was necessary for the arrest for speeding, or for the arrest for the illegal transportation of intoxicating liquor.

The purported plea in abatement is not sufficient as a motion to suppress the evidence obtained by an illegal search, since it does not ask that the evidence be excluded. Another reason for abatement set out in the plea is "that no legal evidence was introduced before the Grand Jury which returned said indictment of the charge contained therein." The court was without power to review, under such a plea, the competency of the evidence before the grand jury. *Stewart* v. *State*

(1865), 24 Ind. 142; *Creek* v. *State* (1865), 24 Ind. 151; *State* v. *Comer* (1902), 157 Ind. 611, 62 N. E. 452.
Judgment affirmed.

Travis and Willoughby, JJ., concur in the conclusion.