RUCKER *v.* STATE OF INDIANA.

[No. 28,297. Filed February 13, 1948.]

*John O. Lewis,* of Indianapolis, for appellant.

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Assistant Attorney General, and *Merl M. Wall,* Deputy Attorney General, for the State.

YOUNG, J.—Appellant was tried and found guilty of second degree burglary and sentenced to imprisonment for from two to five years in the Indiana State Prison.

In the early morning hours of February 21, 1945, appellant, with another, was driving a borrowed taxicab in the 3200 block of Roosevelt avenue, in Indianapolis. Police officers followed appellant's car and finally stopped it. When asked what he was doing appellant said that he and his companion were "out riding around" and when asked for his driver's license he failed to produce same, whereupon he was placed under arrest for not displaying a driver's license, although later when slated at the police station he was charged with vagrancy, and still later was charged with and tried for burglary. At the time of appellant's arrest for failure to display his driver's license one of the arresting policemen searched the automobile and found two fifth bottles of Calvert gin, one pint bottle of Southern Comfort whiskey, and a half pint bottle of other gin. Appellant and his companion told conflicting stories about where they had obtained the liquor. The officers also found a crowbar in the automobile.

Earlier in the morning of February 21, a drugstore at 3750 East Michigan Street, Indianapolis, had been burglarized and liquor had been taken from it of the same brands and in the same size bottles found in appellant's car. Before the burglary there had been on the drugstore shelves six fifth bottles of Calvert gin and four pint bottles of Southern Comfort whiskey. After the burglary there remained upon the shelves of the drugstore four fifth bottles of Calvert gin and three pint bottles of Southern Comfort whiskey. On the shelf in the drugstore, where the Calvert gin was found, was dust, except that there were two areas where there was no dust directly in front of the Calvert

gin left on the shelf. These areas of no dust were of the size and shape of the bottom of fifth-gallon bottles of Calvert gin. The bottles of Southern Comfort whiskey left on the drugstore shelf were marked $3.75, and a like marking, in the handwriting of the proprietor of the burglarized drugstore, was found on the pint bottle of Southern Comfort found in appellant's automobile when it was searched. The marks on each were made with a china marking pencil. The crowbar which was found in the car had green and red paint markings on the prying end and the drugstore, which had been burglarized, had been painted green and red successively. The door to the drugstore had been broken open and there were impressions on the lock and wood opposite the lock. These impressions were photographed microscopically and corresponded to the form of the prying end of the crowbar. Spectrographic analysis of the paint found on the bar and also of the paint obtained from the door casing showed that the red paint on the bar and the red paint on the store front were identical and the green paint on the crowbar and the green paint on the store front were identical. It seems to us that all this was ample circumstantial evidence to justify the jury in finding that appellant was guilty of the burglary.

It will be observed, however, that it was the fruit of the search of appellant's automobile that constituted the convicting evidence. If this evidence was properly admitted the conviction should not be disturbed. If it was improperly admitted that would constitute reversible error and without such evidence the circumstances were not such as to justify the verdict.

City policemen may arrest without warrant any person who commits a misdemeanor in their presence.

§ 9-1024, Burns' 1942 Replacement; *Hanger* v. *State* (1928), 199 Ind. 727, 160 N. E. 449; *Thomas* v. *State* (1925), 196 Ind. 234, 146 N. E. 850; *McGregor* v. *State* (1928), 200 Ind. 496, 163 N. E. 596; *Robinson* v. *State* (1925), 197 Ind. 144, 147, 149 N. E. 891; *Eiler* v. *State* (1925), 196 Ind. 562, 149 N. E. 62.

When a person is lawfully arrested for committing a misdemeanor he may be searched and the search may extend to an automobile in which he is driving at the time. *Smith* v. *State* (1939), 215 Ind. 629, 634, 21 N. E. (2d) 709; *Allgaier* v. *State* (1929), 200 Ind. 583, 164 N. E. 315; *Haverstick* v. *State* (1923), 196 Ind. 145, 147 N. E. 625; *Jameson* v. *State* (1923), 196 Ind. 483, 485, 149 N. E. 51.

Evidence obtained by a search after a lawful arrest may be used in the trial of the arrested person for an offense other than that for which the arrest was made. *Smith* v. *State, supra; Haverstick* v. *State, supra; Allgaier* v. *State, supra.*

There seems to be no contradiction in the evidence as to the demand by the officers upon appellant that he show his driver's license or that he failed to do so. § 47-2714(b), Burns' 1940 Replacement, provides:

> "Every person holding a permit or license under the provisions of this act, shall have such permit or license in his immediate possession at all times when driving or operating a motor vehicle, and shall display the same upon demand of any court or any police officer, authorized by law to enforce motor vehicle regulations."

By § 47-2908, Burns' 1940 Replacement, violation of § 47-2714(b), *supra,* is made a misdemeanor.

It seems clear, therefore, that appellant committed a misdemeanor in the presence of the officers and they had a right to arrest him without a warrant and search his automobile and use what was found in the search as evidence not only in prosecuting him for the offense for which he was then arrested, but also in trying him later for burglary.

Judgment affirmed.

NOTE.—Reported in 77 N. E. (2d) 355.