ARTHUR *v*. STATE OF INDIANA.

[No. 28,462.  Filed July 1, 1949.]

494

*Warren Buchanan,* of Rockville, for appellant.

*J. Emmett McManamon,* Attorney General, *Frank E. Coughlin,* First Deputy Attorney General, *Merl M. Wall,* Deputy Attorney General, *Charles F. O'Connor,* Deputy Attorney General, for appellee.

JASPER, J.—The appellant was charged by affidavit with the alleged offense of automobile banditry under § 10-4710, Burns' 1942 Replacement. He was tried by jury and convicted. Judgment and sentence of imprisonment followed.

On appeal to this court he has assigned as error the overruling of his motion for a new trial.

The appellant, as a ground for his motion for a new trial, objected to the giving of appellee's instruction No. 34, which instruction was as follows:

"If the State has proved that the goods described in the affidavit were stolen and that such goods or any part of them was shortly after the larceny found in the exclusive possession of the accused, then the law imposes upon him the burden of accounting for his possession, and of showing that such possession was innocently acquired; and if he fails to do so, or gives a false account of his possession, the presumption arises that he is the thief. This rule of law applies to the crime of larceny, and grand larceny is one of the elements of the charge that defendant is here being tried for."

The pertinent part of the objection made to the instruction by appellant is as follows:

"3. The instruction is erroneous for the reason that it is not applicable to the evidence in this case, and it will have the effect of placing upon the defendant the burden of accounting for his assumed exclusive possession of the property alleged to have been stolen.

"4. This instruction is erroneous in that it fails to distinguish and inform the jury as to the difference between a presumption of law and a presumption of fact."

The above pertinent part of the objection was sufficient to raise a question on review.

The above instruction takes from the jury the right to determine the facts and circumstances in the case as to appellant's guilt or innocence. Any instruction by the court which in any manner takes from the jury this exclusive duty, or which attaches weight to certain evidence, or which would in any manner place the burden upon the appellant to prove his innocence, or force him to introduce evidence to create a reasonable doubt in the minds of the jurors, is erroneous. It is the affirmative duty of the State in criminal cases to prove the defendant's guilt beyond a reasonable doubt, and this burden cannot be shifted at any time to the defendant.

The instruction complained of presented questions of fact, and the jury alone must draw any inferences or presumptions which might be drawn from the evidence, and it is not for the court to say in such cases that proof of certain facts or circumstances would, as a matter of law, create the presumption of guilt. This court recognizes that whatever inference or presumption arises from unexplained possession of recently stolen property must be drawn by the jury and not by the court; that it is an inference or presumption of fact, and not an inference or presumption of law. The question must be submitted to the jury for its determination. *Dedrick* v. *State* (1936), 210 Ind. 259, 2 N. E. 2d 409; *Steinbarger* v. *State* (1948), 226 Ind. 598, 603, 82 N. E. 2d 519, 521; *Vaughn* v. *State* (1939), 215 Ind. 142, 19 N. E. 2d 239; *McAdams* v. *State* (1948), 226 Ind. 403, 81 N. E. 2d 671.

The above instruction cannot be cured by the amount of the evidence presented by the State or by the heinousness of the crime.

As a further ground for new trial, the appellant alleged error in the overruling of his motion to suppress evidence (1) obtained by an unlawful search and seizure of appellant's automobile, and (2) growing out of an illegal arrest. Since these questions and the following questions will arise on a new trial, we will dispose of them in this case.

This court has held that where a defendant is arrested, the arrest extends to the automobile of the defendant, and a search and seizure is proper thereunder. In *Pettit* v. *State* (1935), 207 Ind. 478, 481, 188 N. E. 784, 785, the court stated that the arrest of a person is not a violation of this constitutional guaranty against unreasonable seizure if the officers making the arrest, at the time, have reason to believe, i. e., probable cause for believing, that the person to be arrested is committing, or has committed, a felony for which the arrest is made. The court further said:

> "In determining the question of the reasonableness of a search or seizure a different test has been applied in reviewing the search, according to whether a dwelling house or an automobile was searched. Except when made to effect, or as incidental to, a lawful arrest, a search of a private dwelling without a warrant, though upon probable cause, has been held to be unreasonable. But a search of an automobile, if made upon probable cause, may not be unreasonable though made without a warrant, and it is not essential that such search shall have been made to effect, or as incidental to, a lawful arrest. This rule usually has been applied to cases involving a search made under circumstances which, connected with the facts constituting probable cause, might tend to render the search impossible or impracticable if delayed until a proper warrant is secured. . . .
>
> "The search of appellant's automobile was not unreasonable and there was no error in admitting

in evidence 'the exhibits obtained, and testimony as to facts learned, on the search."

■ In *DeLong* v. *State* (1929), 201 Ind. 302, 308, 168 N. E. 22, 24, the court said:

"A person lawfully arrested for committing a misdemeanor may be searched without a warrant, and the search may extend to an automobile which he was operating at the time."

It has been further held by this court that a person having been lawfully arrested, he and his automobile are subject to search, and any evidence obtained by ■ such search is competent evidence at the trial, and the evidence may be used in the trial of an offense other than that for which the arrest was made. *Smith* v. *State* (1939), 215 Ind. 629, 634, 21 N. E. 2d 709; *Haverstick* v. *State* (1925), 196 Ind. 145, 147 N. E. 625.

In the case at bar the appellant was placed under lawful arrest for the driving of an automobile without proper identification, bill of sale, and license ■ plates, and when the glove compartment of the automobile being driven by appellant was opened the money allegedly stolen rolled out. The evidence obtained by the search was used in the trial of this cause, and was properly admitted.

The second question raised under the motion to suppress evidence was the alleged unlawful arrest of the appellant, said arrest being allegedly unlawful because the arresting officer was not wearing a distinctive uniform and a badge of authority, as provided by § 47-809, Burns' 1940 Replacement which is as follows:

"No peace officer shall have any authority to arrest any person for any violation of any of the laws of this state regulating the use and operation

of motor vehicles on the public highways of the state, or any of the ordinances of any city or town thereof, regulating the use and operation of motor vehicles on the public highways of this state, unless, at the time of such arrest, such officer is wearing a distinctive uniform and a badge of authority which will clearly show him to casual observation to be an officer. The provisions of this section shall not be construed to apply to any officer making any such arrest when there is a uniformed officer present at the time of such arrest, nor shall such provisions apply to any regular police officer of any city or town, within the limits of his jurisdiction."

However, under § 47-855, Burns' 1940 Replacement (1947 Supp.), it is provided:

"It shall also be the duty of police employees of the department to prevent and detect crime, to apprehend criminals, to enforce the criminal and traffic laws of the state, and to perform such other related duties, as may be imposed upon them by the laws of the state, and to this end, police employees of the department shall be peace officers and shall have in any part of the state the same powers with respect to criminal matters and the enforcement of the laws relating thereto as sheriffs, constables and police officers have in their respective jurisdictions. . . . They shall have full power to arrest, without warrant, any person committing or attempting to commit in their presence or view a breach of the peace or any other violation of any of the laws of the state of Indiana."

Section 47-809, Burns' 1940 Replacement, refers specifically to regulating the use and operation of motor vehicles upon the public highways of the state, or the enforcement of any of the ordinances of any city or town appertaining thereto.

Under § 47-855, Burns' 1940 Replacement (1947 Supp.), additional duties are placed on state police officers other than those set out in § 47-809, Burns' 1940

Replacement. The additional duties placed on the police officers in the enforcement of criminal laws do not restrict the officers in their making of arrests to such times as they are wearing a distinctive uniform and badge.

The appellant was arrested by the state police officer for the alleged offense of having a stolen car. The evidence revealed that the rear license plate was observed being obscured by the throwing of mud thereon while parked on a dirt road in Parke County, Indiana. Further, the registration certificate for the car did not correspond with the license plates. An empty shell case was observed by the police officer on the floor of the car, and he observed rubber gloves on the front seat of the car. The police officer had reasonable grounds to believe that a felony was being committed. Therefore to give proper weight to each of the above statutes, and carry out the legislative intent, we hold that the police officer was not violating § 47-809, Burns' 1940 Replacement, and that he made a legal arrest of appellant before making a search of the car.

The appellant, as another ground for new trial, alleged that the court erred in refusing to hear preliminary evidence, in the absence of the jury, on the question of whether or not certain alleged statements of the appellant amounted to a confession, and whether or not the alleged confession was voluntary. The burden of showing the incompetency of a confession is on the defendant. *Kokenes* v. *State* (1938), 213 Ind. 476, 13 N. E. 2d 524. The state police officer testified as to statements made by the appellant on direct examination, at which time the attorney for the appellant asked the court for permission to ask the officer some preliminary questions, which permission was granted and the questions were asked, after which the appellant

objected to the admission of the evidence on grounds other than that the confession was made under the influence of fear produced by threats or intimidation or undue influence. (See § 9-1607, Burns' 1942 Replacement.) The objection was properly overruled. There was no request by the appellant to introduce any evidence regarding the confession. The same procedure was followed as to the other witnesses for the appellee testifying as to the oral confession, with the same result. The appellant further failed to save the question for review due to the fact that his motion for a new trial failed to set out the questions, answers, objections, and rulings of the court. When error is predicated upon the admission or rejection of testimony, the motion for a new trial should set out the question and answer, and the objection urged, or the substance thereof, together with the ruling of the court. *Brown* v. *State* (1939), 216 Ind. 106, 23 N. E. 2d 267.

The appellant, as a further ground for new trial, objected to the giving of instruction No. 29 of the appellee, which instruction covered the refusal to testify by the accomplices, and further defined "an accomplice." This instruction was not harmful, as there was evidence, stipulated and agreed to by the appellant and the appellee, setting out the other parties charged with the same crime as the appellant.

The appellant, as a further ground for new trial, objected to the giving of instruction No. 33 of the appellee, which instruction, in substance, defined "circumstantial evidence." This was an incomplete instruction, but, taken with instructions numbered 26, 27, and 28 tendered by the appellant and given by the court, properly instructed the jury on the subject of circumstantial evidence.

Judgment reversed, with instructions to the trial court to sustain appellant's motion for a new trial.

NOTE.—Reported in 86 N. E. 2d 698.