## DUNCAN *v.* STATE OF INDIANA.

[No. 29,095. Filed June 4, 1954.]

*Lockyear & Armstrong,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Richard M. Givan,* Deputy Attorneys General, for appellee.

FLANAGAN, C. J.—Appellant was convicted of grand larceny. The trial court gave the following instruction:

> "If you find from the evidence, beyond a reasonable doubt, that the property described in the affidavit, or any portion of it, was stolen, and that such stolen property was found in the exclusive possession of the defendant, within a short time after the larceny was perpetrated, you are instructed that a presumption of fact arises from such possession and imposes on the defendant the duty and burden of explaining his possession of the said property; and if he has failed to satisfactorily account as to how he came into possession of such stolen property, there is a presumption of fact that the defendant stole the property, and

this presumption may be strong enough to justify you in finding him guilty, and you, the jury, are the sole judge as to whether the explanation or other evidence given on behalf of the defendant is sufficient to raise a reasonable doubt as to his guilt."

The office of the Attorney General, with commendable frankness, concedes that the giving of this instruction constitutes reversible error. See *Arthur* v. *State* (1949), 227 Ind. 493, 86 N. E. 2d 698.

We agree.

Judgment reversed.

Bobbitt, Draper, Emmert, and Gilkison, JJ., concur.

NOTE.—Reported in 119 N. E. 2d 717.