KNOTTS *v.* STATE OF INDIANA.

[No. 30,172. Filed February 12, 1963.]

502

*Ferdinand Samper*, of Indianapolis, for appellant.

*Edwin K. Steers*, Attorney General, and *Donald L. Adams*, Deputy Attorney General, for appellee.

ARTERBURN, J.—This is an appeal from a conviction of the crime of larceny by shoplifting by the defendant, Charles William Knotts. Phyllis Jean Terry, a defendant below, is not appealing.

Burns' §§10-3025 and 10-3026, under which appellant was charged, read as follows:

> "Any person who with felonious intent takes, steals or carries away any goods offered for sale or displayed by any mercantile establishment shall be deemed guilty of the criminal offense of larceny by shoplifting." Acts 1959, ch. 194, §2, p. 441, being §10-3025, Burns' 1962 Supp.

"The concealment of said goods and the removal of said goods from said mercantile establishment by the person or persons charged shall constitute prima facie evidence of a felonious intent to take, steal or carry away the said goods." Acts 1959, ch. 194, §3, p. 441, being §10-3026, Burns' 1962 Supp.

In a motion to quash and in a motion to arrest judgment the appellant contends that the statute and the affidavit charging the offense are defective because there is no allegation as to the ownership of the property taken. The affidavit reads as follows:

"BE IT REMEMBERED, That, on this day before me, .........PHILLIP L. BAYT ...... Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came ............DENNIS HICKEY ....... who being duly ...... sworn, upon his oath says that ...... CHARLES WILLIAM KNOTTS AND ........PHYLLIS JEAN TERRY ................................... ................................... on or about the 14th day of ........DECEMBER ......, A.D. 1959, at ......and in the County of Marion in the State of Indiana, did then and there unlawfully and with felonious intent, take, steal or carry away goods, to-wit: One (1) three (3) piece set of Chic Shortie Pajamas, then and there of the value of Five and Ninety Eight ...... Hundredths ($5.98) Dollars, One (1) McGregor Man's Sport Shirt, then and there of the value of Five ($5.00) Dollars; Six (6) ...... pair of Stretch Socks, then and there of the *vale* of One ($1.00) Dollar per pair, said six (6) pair of Stretch Socks being of the total value of Six ($6.00) Dollars; Three (3) packages of Trim-Fit Cable Tights then and there of the value of Two and ninety ...... Eights Hundredths ($2.98) Dollars per package, said three (3) packages of Trim-Fit Cable Tights being of the total value of Eight and Ninety-Four Hundredths ($8.94) Dollars, said merchandise being of the total value of

Twenty Five and Ninety-Two Hundredths ($25.92) Dollars, offered for sale or displayed by PACKAGED APPAREL, INC. a Corporation, a merchantile establishment D/B/A PAUL HARRIS STORES, then and there being ... contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana.

/s/ Wayne L. Stalcup      /s/ Dennis Mickey
Deputy Prosecuting Attorney   DENNIS MICKEY
Nineteenth Judicial Circuit.
Subscribed and sworn to before me, this ......
16th ...... day on DECEMBER ......, A.D.
1959 .............
              PHILLIP L. BAYT .........
              Prosecuting Attorney
              Nineteenth Judicial Circuit"

■ In Indiana no common-law crimes exist, and the legislature fixes the elements necessary for any statutory crime. Burns' §9-2401, 1956 Repl.

Although Indiana has a statute fixing larceny under which the ownership of the property must be alleged and proved, it seems that the legislature ■ has defined and created another offense commonly known as "shoplifting." Under that statutory offense, instead of alleging and proving ownership, the statute contains a requirement that whoever with "felonious intent ... carries away any goods offered for sale or displayed by any mercantile establishment" shall be guilty of the offense. The affidavit here alleged that the goods in question at the time they were "carried away" were "offered for sale" and displayed by a particular person, "Packaged Apparel, Inc., a Corporation, a mercantile establishment." Under the "shoplifting" statute it is necessary to allege and prove that the person from whom the property was taken or "carried away" was the one who displayed and offered it for sale,

regardless of ownership. This appears to be the primary distinction and objective of the "shoplifting" statute. The allegation in the affidavit on this point sufficiently meets the requirements of the statute, as did the proof at the trial. It is not necessary to allege ownership under the "shoplifting" statute since the statute defining the crime does not require such proof as is required under the statute defining larceny. *McAdams* v. *State* (1948), 226 Ind. 403, 81 N. E. 2d 671.

In the above case, where the question arose as to whether or not the common-law definition of burglary should be used or that fixed in the statute, the court stated (p. 409):

> "... and we hold that the burglary statute here involved defines the crime, not in generic or general terms, but definitely and particularly, and it is not necessary or proper to look to the common law for additional elements necessary to constitute the crime which the legislature has, we may presume, deliberately omitted."

The trial court did not err in its ruling on the motion to quash or on the motion in arrest of the judgment.

The evidence in this case shows that two special police officers held certificates of police authority under Burns' §48-6312. They were police officers hired and paid by the mercantile establishment and served without pay from the city. Apparently their authority was limited to the City of Indianapolis. A motion was made to suppress the evidence which they obtained upon arresting the appellant because first, there was no evidence that they made the arrest within their jurisdiction, namely, the City of Indianapolis; and secondly, there was no evidence

that they made a legal arrest and that they had any authority to arrest and search the appellant.

The evidence most favorable to the State shows that these two special police officers saw the appellant and his co-defendant take several items of clothing from the counter of the store named in the affidavit and hide the items in a purse and on the person of the appellant. They observed the appellant through a one-way mirror. After he removed the goods from the counter and had hidden them on his person, he then walked out of the store without paying for any of the goods. The police officers ran after the appellant and his co-defendant and caught them in the parking lot, where they were placed under arrest. The police officer then took them back into the store to a room where, at the officer's request, the appellant removed the goods from his pockets. A regular Indianapolis police officer was then called.

The contention that the special police officers had no authority to make an arrest and, therefore, that the evidence obtained by them when they seized the defendants would not be admissible cannot be sustained. They were commissioned police officers under authority of Burns' §48-6312. However, if we assume arguendo that they were merely private individuals and not law enforcement officers, then it follows that any private individual may testify as to what he found upon any search and seizure, although he might be privately liable for assault or for trespass in making the search, if mistaken.

"The Fourth Amendment gives protection against unlawful searches and seizures, and as shown in the previous cases, its protection applies to governmental action. Its origin and

history clearly show that it ... was not intended to be a limitation upon other than governmental agencies. ... We assume that petitioner has an unquestionable right of redress against those who illegally and wrongfully took his private property under the circumstances herein disclosed, but with such remedies we are not now concerned." *Burdeau* v. *McDowell* (1921), 256 U. S. 465, 41 S. Ct. 574, 576, 65 L. Ed. 1048.

A private individual who observes the commission of a felony has the right under the law, although at his peril, to make an arrest, even though such a person has not been deputized as a police officer. The common law gives a private individual the right to arrest where a felony has been committed within his presence and observation. *Doering* v. *State* (1874), 49 Ind. 56; *Burns* v. *State* (1922), 192 Ind. 427, 136 N. E. 857; 3 I. L. E., Arrest and Recognizance §5, p. 45.

The statute defining the penalty for "shoplifting" clearly makes the offense a felony, regardless of the value of the goods taken, since the punishment is imprisonment in the state prison for not less than one [1] nor more than five [5] years. Acts 1959, ch. 194, §4, p. 441, being §10-3027, Burns' 1962 Supp.; *Hicks* v. *The State* (1898), 150 Ind. 293, 50 N. E. 27; 1 Ewbanks, Indiana Criminal Law §2, p. 2 (3d ed. 1956).

The law with reference to suppressing evidence obtained upon search and seizure is applicable only to law enforcement officers who have violated the law in obtaining the evidence. There is no contention made that if these special police had authority to arrest, they violated any law in searching the defendants upon their arrest. After a lawful arrest an officer may search the individual arrested, and the evidence obtained in

the search is clearly admissible at the trial. *DeLong v. State* (1929), 201 Ind. 302, 168 N. E. 22; *Arthur v. State* (1949), 227 Ind. 493, 86 N. E. 2d 698; *Sisk v. State* (1953), 232 Ind. 214, 110 N. E. 2d 627.

We find no error presented. The judgment of the trial court is affirmed.

Myers, Landis and Achor, JJ., concur.

Jackson, C. J., dissents with opinion.

### DISSENTING OPINION

JACKSON, C. J.—I disagree with the majority opinion herein for the reason that in my opinion appellants' motion to quash the affidavit should have been sustained.

The statute under which this prosecution was instituted, Acts 1959, ch. 194, §2, p. 441, being §10-3025, Burns' 1962 Cum. Supp., is silent as to whether or not the "goods offered for sale or displayed by any mercantile establishment" are lawfully in possession of such establishment.

NOTE.—Reported in 187 N. E. 2d 571.