SMITH ET AL. *v.* STATE OF INDIANA.

[No. 27,178. Filed June 29, 1939. Petition for rehearing dismissed July 22, 1939.]

*Clyde P. Miller,* for appellants.

*Omer S. Jackson,* Attorney General, and *Hubert Dirks,* Deputy Attorney General, for the State.

ROLL, J.—Appellants were indicted by the Marion County grand jury for malicious trespass.

The indictment charged that on April 10, 1937, defendants unlawfully, maliciously and mischievously injured a window glass belonging to the Marionel Realty Company to its damage of $49.00.

The jury returned a verdict of guilty and judgment was rendered accordingly.

The record discloses that certain non-union barber shops had been the object of attack for some time. The nature of these attacks was to break out the front windows by means of rocks hurled against them. Indianapolis police officers were assigned to follow appellant Smith and did so. They relate the following movements of Smith on the night of April 2, 1937.

About seven o'clock on the night of April 2, 1937, appellant Smith, accompanied by a lady, drove his car from his home to a church house where the lady got out. Smith then drove to the home of appellant Mead. He went into the house and in about five minutes he and Mead came out and got into the car. The car bore 1937 Ind. license no. 87233. After leaving the Mead home they drove on several streets and then parked just off Groves Street for a few minutes and then drove slowly away. They then drove on Fletcher Ave. to Groves Street, past the barber shop at no. 847 Groves Street, which is just off Virginia Avenue, and then turned right. After they stopped a few minutes at McCarty and Virginia Streets they made a U turn and came back and again drove past the barber shop on

Groves street. The police car, after trailing them past the barber shop on Groves street the second time, lost sight of them and did not see the car any more till they came to Police Headquarters about ten o'clock that night.

When the police called headquarters they learned that the window had been broken in the barber shop at 847 Groves street.

Police officer Smock and his partner Ball heard police broadcast about the above described incident. They went to Lynn and West Michigan street near a barber shop operated by one Mr. Westmoreland. The officers parked their car on Lynn just south of Michigan and there watched for a certain described car. In about fifteen minutes they saw a black two-door Ford, model A with wire wheels (which was the description of the car given by police headquarters) drive slowly past the Westmoreland barber shop. In about five minutes the same car again drove slowly past the barber shop. Each time the car would hesitate about the time it passed the shop. After the third time the police car followed the Ford car and when they came up along side of them they ordered them to stop. The driver of the black Ford stopped but before the officers could get out the Ford started up again. The officers again overtook them in about two blocks. They ordered the two men out of the car and learned that they were appellants. The license was 1937 Indiana, no. 87233.

After the arrest of appellants on the charge of operating a car without a certificate of title, the officers went back to where they first attempted to stop appellants and where they saw one of them throw something out of the car. Beside the street they found what is called a "sling shot." This "sling shot" was made of strips of rubber fastened to the two ends of a forked stick. They also examined the front of Mr. Westmoreland's barber

shop and saw where something had hit on the partition between the window panes. After appellants had been arrested they took a knife from appellant Smith and later they made a search of the car and found a part of an automobile inner tube and small pieces of brick.

It appears from the evidence that the knife taken from appellant Smith was thereafter examined. Particles of wood and pieces of rubber were found on the knife. The particles of wood so found on the knife were examined by an expert employed by the Indianapolis Police Department. These particles of wood were compared with the wood of the "sling shot" and were found to be identical. The particles of rubber were also found to be identical with the piece of rubber tire found in appellant's car.

It appears that from the strip of inner tube strips of rubber had been cut. The ends of the rubber taken from the "sling shot" fit into like places on the rubber tube, thus tending to prove that the strip of rubber used on the "sling shot" had been cut from the inner tube found in appellant's car.

It was shown that the expert, employed by the police department, took the knife and cut a piece of wax in such a manner as to show marks made by notches in the blade and compared them with the marks made on the rubber taken from the "sling shot" and that the marks were the same. By this evidence they attempted to show that the knife found in the possession of appellant Smith was used in cutting the rubber strips used in making the "sling shot."

Another witness testified that about 7:45 P. M. on the night of April 2, 1937, he was on Groves street near the Adams barber shop, that he heard a noise like the breaking of glass and thought it a "hit-and-run driver." He saw a black model A Ford car passing the barber shop and as it passed him he observed the license

number which was 1937 Indiana 87233. This information was later given to the police department. He also testified that there were two men in the car, one in the front seat driving and the other in the rear seat. After the car passed the witness saw Mr. Adams, the owner of the shop, run out and he saw that the window glass had been broken.

It was also shown that the glass front of another barber shop had been broken the night of April 1, 1937. It was shown that a brick had been thrown through the window and also what is known as a "stink bomb" was thrown in. The piece of brick found on the inside of this shop was taken to police headquarters and the smaller pieces of brick found in appellant's car were found to be of the same composition and further that some of the small pieces fit perfectly in notches of the larger piece of brick.

Other supporting evidence was introduced but we do not deem it necessary to set it out. Sufficient evidence to support the verdict has already been narrated above.

The weight of the evidence is for the jury and this court will not disturb the finding of the jury if there is substantial legal evidence upon all essential elements of the crime charged. This court is in no position to weigh the evidence or judge its probative force. We think the evidence is entirely sufficient to support the verdict.

Appellants contend that certain evidence introduced by appellee over their objections was erroneous. This evidence concerned what was found in the car after appellants were arrested. In other words they contend that the car was searched unlawfully and therefore the evidence thus obtained was not admissible against them.

It must be remembered that appellants were arrested for operating a car without a certificate of title as re-

quired by the statute. It is not contended by appellants that they were not under lawful arrest.

This court held in *Allgaier* v. *State* (1929), 200 Ind. 583, 164 N. E. 315, that when a person is lawfully arrested for committing a misdemeanor, he may be searched without a warrant and the search may extend to an automobile which he was driving at the time. This case is supported by the holding in *Haverstick* v. *State* (1923), 196 Ind. 145, 147 N. E. 625, and *Jameson* v. *State* (1923), 196 Ind. 483, 149 N. E. 51.

Appellants having been lawfully arrested for a misdemeanor committed in the presence of the officers, they and their automobile are subject to search and any evidence obtained by such a search is competent evidence at the trial.

It has also been decided by this court that evidence obtained from a search after a lawful arrest may be used in the trial for an offense other than that for which the arrest was made. See *Haverstick* v. *State, supra; Allgaier* v. *State, supra.*

That was the fact in the case at bar. Appellants were arrested for one offense and a search of their person and the automobile was made as an incident to that arrest. The evidence obtained by the search was used in the trial of another and different offense, filed after the search was made and the evidence obtained. This was not error.

Appellants also object to the introduction of certain evidence relating the commission of other and separate crimes from the one charged in the indictment. This evidence was that window fronts of other barber shops had been broken by appellants. This type of evidence has been questioned many times in the courts. It has been uniformly held that when the act constituting the crime has been established, then any evidence tending to show motive, intent, or guilty knowl-

edge, if in issue, or any evidence which directly or, as a natural sequence, tends to show the defendant guilty of the crimes charged, is competent although it tends to show him guilty of another and distinct offense. It is the probative value of such evidence to prove the crime charged that makes the evidence admissible and not the fact that it proves or tends to prove the defendant guilty of other crimes.

*Underhill* v. *State* (1916), 185 Ind. 587, 114 N. E. 88; *Gears* v. *State* (1932), 203 Ind. 380, 180 N. E. 585; *Zimmerman* v. *State* (1921), 190 Ind. 537, 130 N. E. 235.

Where the circumstances surrounding the offenses other than that charged are of a similar nature, showing use of similar or peculiar instrumentalities in the commission of each offense, or employment of a uniform scheme or method, evidence of such offenses is both relevant and material and is admissible as having probative force to prove the defendant guilty of the particular crime charged. *Peats* v. *State* (1938), 213 Ind. 560, 12 N. E. (2d) 270; *Gears* v. *State, supra;* *Dotterer* v. *State* (1909), 172 Ind. 357, 88 N. E. 689.

The last rule seems particularly applicable here. Proof that appellants committed other and similar crimes, that they threw bricks or stones through the glass windows or threw stones by means of a "sling shot" from an automobile while driving slowly past would be quite persuasive of the motive and identity of the defendants.

We find no reversible error in the record.

Judgment affirmed.

Tremain, J., absent.