## O'NEIL v. STATE OF INDIANA

[No. 27,214.   Filed October 12, 1939.]

*James W. Sweeney,* and *Charles R. Turner,* for appellant.

*Omer S. Jackson,* Attorney General, *Hubert Dirks,* Deputy Attorney General, and *Frank E. Lorch,* Prosecuting Attorney, for the State.

SHAKE, J.—Appellant was indicted for murder in the first degree, tried, found guilty of murder in the second degree, and sentenced to life imprisonment. This appeal is from the denial of his motion for a new trial. The alleged errors relied upon relate to the giving of the state's tendered instruction A and the refusal of the trial court to admit in evidence certain testimony offered on behalf of the appellant.

On the trial the appellant produced the sheriff and deputy sheriff as witnesses. By a series of questions propounded to them he endeavored to show: (a) the date upon which he was confined to the county jail; (b) the date when he was released on bond in the sum of $1,000; (c) that while he was confined awaiting trial there was a jail delivery and three prisoners escaped; (d) that appellant made no attempt to escape; and (e) that he was a model prisoner. Appellant admits in his brief that he has not been able to find any

authority that would establish the admissibility of this evidence, but he says that the time he was confined in jail awaiting trial ought to have been considered by the jury in mitigation of his punishment. He further asserts that the fact that he was admitted to bail in the sum of $1,000 would have disclosed to the jury that the court did not consider him guilty of murder in the first or second degree.

There are cases where it may be proper for a court to take into account the fact that a defendant has been in jail awaiting trial a considerable length of time when it comes to fixing punishment, but this is not that kind of case. The statute fixes the punishment for murder in the second degree at life imprisonment. § 10-3404 Burns' 1933, § 2407 Baldwin's 1934. Having found appellant guilty of that offense, it was not within the province of the jury or judge to reduce the punishment fixed by law. Nor was the amount of the appellant's bail bond a circumstance to be considered by the jury in determining his guilt or innocence.

The Attorney General contends that the instructions are not in the record. When a new trial was denied the appellant asked and was granted 30 days in which to file his bill of exceptions. Within that time he tendered a bill but thereafter discovered that it did not disclose by proper memorandum of the trial judge that the instructions had been signed, nor did it appear which of the instructions tendered had been given and which had been refused. He thereupon filed a motion for a nunc pro tunc entry to correct and complete the record and the bill of exceptions. The motion was sustained and the relief granted. The Attorney General says that this was improper and

ineffectual because the motion did not conform to that part of section 9-2105 Burns' 1933, § 2317 Baldwin's 1934, which provides:

"That a motion to strike out or insert any matter, and the ruling thereon, shall not be a part of the record without a bill of exceptions, unless the matter to be stricken out or inserted is set out in full in the motion."

The motion for nunc pro tunc entry recited that the record did not disclose that any of the instructions were numbered and signed by the judge, or that any of them bore a memorandum signed by the judge indicating that they had been given or refused. We think the motion was in substantial compliance with the statute. The requirement that matters sought to be stricken out or inserted shall be set out in full in the motion apparently has reference to pleadings, rather than the action of the trial court with respect to instructions. We hold that the instructions are properly before us.

Instruction A, tendered by the state and given by the court, was as follows:

"I further instruct you that voluntary drunkenness cannot justify, excuse or mitigate the commission of a crime, and the fact, if it be a fact, that the defendant may have been drunk to any degree at the time of the killing cannot be taken into consideration by the jury in making up their verdict."

It is conceded that the first part of this instruction, to the effect that "voluntary drunkenness cannot justify, excuse or mitigate the commission of a crime," is correct, but objection is made to the latter part in which the court told the jury that "the fact, if it be a fact, that the defendant may have been drunk to any degree at the time of the killing cannot be taken into considera-

tion by the jury in making up their verdict." The appellant relies upon *Booher* v. *State* (1901), 156 Ind. 435, 60 N. E. 156, 54 L. R. A. 391. In that case the court gave the following instruction (p. 439):

" 'Voluntary intoxication will not excuse crime. If the defendant Booher was drunk, it was his own fault, and he can not claim any immunity by reason of his intoxication. It was his duty to keep sober, and if he voluntarily permitted himself to become intoxicated, and while so intoxicated he committed the crime charged in any form, he is guilty, and should be punished precisely the same as though he had been sober. It is not the law that a man may voluntarily become intoxicated, and commit crime, and escape punishment by reason of such intoxication, but upon the other hand it is the law that he cannot use his own voluntary intoxication to escape the consequences of his acts while so intoxicated.' "

Booher was tried on charges of conspiracy with others to commit murder and with assault and battery with intent to commit murder in the first degree. This court said with respect to the above instruction, after having reviewed a large number of authorities (pp. 448, 449):

"Applying the principle so fully and generally supported by the authorities to which we have referred, it becomes manifest that the intoxication of appellant, which was admitted in evidence, ought to have been considered by the jury for the purpose of rebutting the felonious intent to kill and murder the prosecuting witness, with which, as charged under the first and second counts, he committed the assault and battery, and, under the third count, with which, he entered into the conspiracy in question. By the instruction in dispute, the trial court, in effect, at least, virtually withdrew or excluded from the jury the consideration of the intoxication of appellant for any purpose. We must assume that the evidence in respect to his intoxication was admitted for the only purpose for which it was legitimately admissible. It

could neither be received nor considered for the purpose of excusing or palliating the crime alleged to have been committed, and, under the circumstances, the charge which the court gave upon that question may be said to have been wholly inapplicable to the evidence, and must at least have tended to mislead the jury. It was, of course, proper for the court to have advised the jury in respect to the abstract proposition that appellant's drunkenness was no excuse or palliation for the crime charged, but the instruction went beyond this, and advised them that if appellant was intoxicated when he committed the crime charged 'in any form' he was guilty, and should be punished, etc. The guilt of appellant in respect to the particular crime imputed to him was the essential question propounded to the jury, to be decided upon the consideration of all the evidence in the case, and his intoxication was a matter for the jury to consider in determining the question of the existence of the felonious intent, an essential element of the crime of which he was accused. As to whether his intoxication was in such a degree as to render him mentally incapable of forming or entertaining the design or intent to commit the felony charged, was, as previously stated, solely a question of fact to be determined from all of the evidence in the case. It follows that the court erred in giving the instruction in controversy, for which error the judgment is reversed, and the cause remanded to the lower court, with instructions to grant appellant a new trial."

The instruction now under consideration is subject to the same infirmities as the one condemned in the Booher case, *supra,* if, indeed, it is not even more objectionable because in the case at bar the jury was directly told that the drunkenness of the defendant to any degree, if shown, could not be taken into consideration in arriving at a verdict. We are obliged to hold that said instruction A was an erroneous statement of the law for the reasons stated in said Booher case.

The Attorney General suggests that, conceding without admitting, said instruction was erroneous, any harm done the appellant thereby was cured by instruction 22, tendered by the appellant and given by the court. Our attention is directed to *Anderson* v. *State* (1933), 205 Ind. 607, 186 N. E. 316, where it is said (p. 622):

"Instructions are to be considered with reference to each other, and as an entirety, and error in a particular instruction will not justify a reversal unless it is of such a nature that the whole charge of which it forms a part is thereby vitiated so as to mislead the jury as to the law of the case * * *."

Said instruction 22 was as follows:

"I instruct you that mere drunkenness does not excuse or palliate an offense, but it may produce a state of mind, which incapacitates the defendant from forming or entertaining a specific intent. Where, the essence of a crime depends upon the intent with which an act was done, as in this case against the defendant, Joseph O'Neil, the essential ingredient of the crime charged in the indictment against the defendant consists in the doing of an unlawful act, with a deliberate and premeditated purpose, the mental condition of the defendant, whether that condition be occasioned by voluntary intoxication or otherwise is an important factor to be considered. And so in this case if you believe from the evidence, or if there is any reasonable doubt as to whether the defendant Joseph O'Neil was intoxicated so that he was incapable of entertaining or forming the positive and particular intent essential to the crime with which he is charged in the indictment, then the defendant Joseph O'Neil is entitled to an acquittal of the crime charged in the indictment, not because of his drunkenness, but because he was in a state of mind, resulting from drunkenness, which prevented him from forming the necessary specific intent to commit the crime charged against the defendant in the indictment."

An instruction which is erroneous and prejudicial is not cured by the giving of another which correctly states the law, where the first instruction is not withdrawn from the jury; besides, if two or more instructions are inconsistent and calculated to mislead the jury or leave them in doubt as to the law, it is a cause for reversal. *Wenning, et al.* v. *Teeple, et al.* (1896) 144 Ind. 189, 41 N. E. 600. Though instruction 22 correctly stated the law with reference to the effect of the appellant's alleged drunkenness, we are not warranted in saying that he was not harmed by that part of instruction A which told the jury that drunkenness on his part to any degree could not be taken into consideration in making up their verdict. This conclusion is imperative in view of the fact that a number of witnesses testified to the extent of appellant's intoxication at the time of the commission of the alleged offense. In fact, his whole defense was predicated upon the theory that he was so drunk that he could not conceive a premeditated design to kill or form a criminal intent.

The cause is reversed, with directions to the trial court to sustain the appellant's motion for a new trial. The clerk of this court is directed to issue the proper order for the return of the appellant to the custody of the sheriff of Floyd County.

Roll, J., dissents.