JOHNSTON *v.* STATE OF INDIANA.

[No. 28,823.  Filed May 15, 1952.]

*Flanagan & Miller,* of Fort Wayne, for appellant.

*J. Emmett McManamon,* Attorney General; *John Ready O'Connor* and *William T. McClain,* Deputy Attorneys General, for appellee.

BOBBITT, J.—Appellant was prosecuted by affidavit in two counts charging him with the sale of securities, with knowledge that the issuer was insolvent, under §25-849, subsection (e), Burns' 1948 Replacement, Acts of 1937, ch. 120, §21(e), p. 656, and by falsely representing the financial condition of the issuer with intent to cheat and defraud the affiant under the false pretense statute, §10-2103, Burns' 1942 Replacement, Acts of 1907, ch. 228, §1, p. 431. Trial was had by jury which returned a verdict finding appellant guilty on both counts. Judgment was thereupon rendered on the verdict and appellant was fined in the sum of ten dollars ($10) on count one, and sentenced to the Indiana State Prison for a period of one year on each count, the sentences to run concurrently.

Only two questions are presented by appellant on appeal. The only one of these that need be considered is: Did the trial court err in giving state's tendered instruction numbered 15? Said instruction is as follows:

"The Court instructs you that the terms 'Fraud,' and 'Fraudulent,' shall include any misrepresentation in any manner of a relevant fact, such misrepresentations being intentional, or due to gross negligence."

Section 25-849(e), *supra,* upon which count one of the affidavit is based, provides as follows:

"Whoever sells or causes to be sold, or offers for sale or causes to be offered for sale in this

state, any security required to be registered under this act, with knowledge that the issuer of such security is insolvent, shall be deemed guilty of a violation of this act, and upon conviction thereof may be imprisoned in the state prison for . . . ."

The applicable part of §10-2103, *supra*, upon which count two is based, provides as follows:

"Whoever, with intent to defraud another, designedly, by color of any . . . false pretense, . . . obtains from any person, . . . any money, . . . draft or check, . . . knowing the signature of the maker, . . . thereof to have been obtained by any false pretense, shall, on conviction, . . . ."

Appellant contends that the giving of said instruction numbered 15 is reversible error because it was improper and prejudicial to appellant for the reason that it defined the terms "fraud" and "fraudulent" as they are used in §25-831(j), Burns' 1948 Replacement, and does not apply to the subsection upon which count one of the affidavit is based, nor to the false pretense statute.

Appellee contends that the error in giving said instruction numbered 15, if any, is cured by the rule that all instructions given in a case must be considered as a whole, and not separately or in detached fragments, and that if the instructions when so considered present the law upon the question with reasonable clarity, the particular instruction which might be erroneous will afford no ground for reversal. It further contends that by the giving of instructions numbered 12 and 13 which were tendered by appellant (defendant), the jury was correctly instructed as to the question of knowledge and intent. Said instructions numbered 12 and 13 are as follows:

## "INSTRUCTION NO. 12.

"The Court instructs the jury that intent is one of the essential elements of the crime charged in the affidavit. In addition to proving each and all of the material allegations of the affidavit beyond a reasonable doubt the burden is upon the State to prove that the acts committed, if you find beyond a reasonable doubt that any acts were committed, were done with felonious intent.

## "INSTRUCTION NO. 13.

"Count one of the affidavit charges among other things that the defendant had knowledge that the Local Grocery Corporation was insolvent at the time of the transaction alleged to have taken place.

"The Court instructs the jury that this is a vital allegation and the defendant cannot be found guilty unless it, along with all the other material allegations of the indictment are proved by the State beyond a reasonable doubt.

"The Court further instructs the jury that the charge of knowledge means actual knowledge, not what the defendant might have known or could have learned. Therefore even though you should find that the Local Grocery Corporation at the time involved was in fact insolvent, you must acquit the defendant unless you also find beyond a reasonable doubt that the defendant had actual knowledge of such insolvency."

We have examined each of the six authorities cited by appellee in support of this contention, as well as others on the same point, and find that in all cases where this rule was applied, the error complained of consisted of (1) verbal inaccuracies in instructions; (2) technical errors in the statement of abstract propositions of law; (3) errors not harmful to appellant; or (4) was such that the error complained of did not mislead the jury as to the law of the case. In none of such authorities cited was the instruction complained of in conflict with other instructions given, nor did

they in any case incorrectly state the law in such a manner as to prejudice the rights of the defendant, hence the rule here relied upon by appellee does not apply to the facts in this case.

It is error to give an instruction which incorrectly states the law. *Todd* v. *State* (1951), 229 Ind. 664, 671, 101 N. E. 2d 45; *Beneks* v. *State* (1935), 208 Ind. 317, 328, 196 N. E. 73.

It is likewise reversible error to give two or more instructions which are inconsistent and calculated to mislead the jury or leave them in doubt as to the law. *O'Neil* v. *State* (1939), 216 Ind. 21, 28, 22 N. E. 2d 825.

This court recently said in *Todd* v. *State*, *supra*, pp. 671, 672:

"The rule is now firmly established in Indiana that an erroneous instruction cannot be cured by giving another correct instruction on the same subject matter, but the erroneous instruction must be withdrawn, otherwise its giving is reversible error. *O'Neil* v. *State* (1939), 216 Ind. 21, 22 N. E. 2d 825; *Brannin* v. *State* (1943), 221 Ind. 123, 46 N. E. 2d 599; *Steinbarger* v. *State* (1948), 226 Ind. 598, 82 N. E. 2d 519."

The instruction of which appellant complains is clearly in conflict not only with appellant's (defendant's) tendered instructions numbered 12 and 13, which were given by the court, but also in direct conflict with appellant's tendered instructions numbered 14 and 15 which were also given. Said instruction numbered 15 may be a proper statement of the law as set forth in §25-831(j) and §25-838, Burns' 1948 Replacement, which sections define the term "fraud" and "fraudulent" as they are used in the Indiana Securities law for revocation or suspension of the issuer's registration, but it does not correctly

state the law applicable to subsection (e) of §25-849, *supra,* or of §10-2013, *supra,* upon which the affidavit under which appellant was convicted is based. Said instruction was such as to leave the jury in doubt as to the law on the question of knowledge in count one, and knowledge and intent in count two. It is clearly erroneous and prejudicial. It was not withdrawn, and the error committed in giving it was not cured by the giving of said instructions numbered 12, 13, 14 and 15, which were tendered by appellant (defendant). The trial court committed reversible error in giving state's tendered instruction numbered 15 and its decision should be reversed.

Having reached this conclusion, it is not necessary to decide the other question raised by appellant since it is not likely to recur on a new trial.

Judgment reversed with instructions to grant appellant's (defendant's) motion for a new trial.

Jasper, J., not participating.

NOTE.—Reported in 105 N. E. 2d 820.