269 N.E.2d 865 (1971)
John VAN DEVEER, Appellant,
v.
STATE of Indiana, Appellee.
No. 470S96.
Supreme Court of Indiana.
June 4, 1971.
Rehearing Denied July 20, 1971.
Palmer K. Ward, Indianapolis, for appellant.
Theodore L. Sendak, Atty. Gen. of Ind., Darrel K. Diamond, Deputy Atty. Gen., for appellee.
ARTERBURN, Chief Justice.
This is an appeal from the Marion Criminal Court, Division 2, wherein the appellant was found guilty as charged of the crime of bribery.
Appellant first contends that the evidence was insufficient to sustain the verdict of the jury. The statute under which the appellant was charged, Burns' Indiana Stat. Anno. (1970 Cum.Supp.) § 10-601, I.C. 1971, XX-X-XX-X, reads in part:
"* * * whoever, being a member, officer, clerk or employee of the general assembly, or state or other officer, agent or employee of this state, or person holding any office of trust or profit under the laws of this state, or any employee of any municipal corporation or any political subdivision of this state, or any officer entrusted with the administration of justice or prosecuting attorney, either before or after his election, qualification, appointment or employment, solicits or accepts any such money, promise or valuable thing, to influence him with respect to his official duty, or employment, or to influence his action, vote, opinion or judgment in any matter pending or that might legally come before him * * *."
Considering the testimony of James Guerrettaz, a witness for the State, we find sufficient evidence from which the jury could have found the appellant guilty of bribery under the above quoted statute. Guerrettaz testified (concerning his initial conversation with the appellant):
"Well, we had a rather lengthy conversation. I would say we were there for some hour to hour and a half, and during the course of this he continued to explain to me that his salary, he thought, was less than it should be or less in a living ways and that it had to have other compensation and that he felt the fair way to go at it was to, that we should match the permit fee, that the inspector should receive this amount, the same as *866 the permit, and that way it would bring his salary up to a living wage and we'd get along a little better and that'd take care of it."
The appellant next contends that the court committed prejudicial error in permitting the State to introduce into evidence the testimony of four witnesses concerning alleged acts of bribery on the part of the defendant in 1968 and 1969. The rule concerning proof of similar crimes is well stated in 1 Ewbanks Indiana Criminal Law, Symmes Ed., § 384, p. 236, which we quoted approvingly in Meeks v. State (1968), 249 Ind. 659, 234 N.E.2d 629:
"Proof by the state of other crimes than the one for which the defendant is on trial is generally not admissible. Such evidence is admissible only where the crime charged has been established and the motive, malice intent or guilty knowledge of the defendant is an issue. Evidence of other crimes than the one charged is also admissible where the evidence discloses a common scheme or plan."
The testimony objected to tends to show both intent and guilty knowledge. Furthermore, it shows a common scheme or plan by establishing a course of conduct in soliciting bribes from other plumbing contractors. In Laymon v. State (1961), 242 Ind. 62, 176 N.E.2d 120, we held testimony that the defendant was involved in other illegal check and cash transactions in connection with his employer was admissible to show intent, course of conduct, and any scheme involved in the embezzlement charged.
The appellant next contends that the court erred in not giving Defendant's Tendered Instruction No. 2, which stated:
"Evidence tending to show the commission of other acts by the defendant similar to those charged in the indictment should not be considered unless you first find as a fact beyond a reasonable doubt from other evidence that the defendant committed the acts alleged in the indictment beyond a reasonable doubt. If you are convinced beyond a reasonable doubt that the defendant committed the acts alleged in the indictment, then and then only are you permitted to consider the evidence, if any, with reference to other similar acts for the purpose of determining guilty knowledge, motive, intent or purpose."
We find that Defendant's Tendered Instruction 1, given as Court's Instruction No. 16 1/2, fully covered the substance of Defendant's Tendered Instruction No. 2. Court's Instruction No. 16 1/2 stated:
"Evidence of other offenses allegedly similar to that charged, is relative and admissible to show system as well as the particular criminal intent on the part of the accused, but not to prove the offense charged. You are not to consider it except for the purpose of showing guilty knowledge and intent."
Court's Instruction No. 16 1/2 stated that evidence of similar offenses is not admissible to prove the offense charged. In essence, that is the substance of Defendant's Tendered Instruction No. 2. We further point out that there was also an instruction given by the court that it was the duty to acquit the defendant if the jury had reasonable doubt of the guilt.
Finding no errors, the judgment of the trial court is affirmed.
GIVAN, PRENTICE, DeBRULER and HUNTER, JJ., concur.