WILLIAM STANLEY FENWICK *v.* STATE OF INDIANA.

[No. 1-773A135. Filed February 4, 1974.]

*John D. Clouse,* Evansville, Indiana, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—The defendant-appellant (Fenwick) was charged by affidavit with the offense of commission of a crime while armed with a dangerous weapon. Following trial by jury before the Vanderburgh Superior Court, Fenwick was found guilty and was sentenced accordingly to the Indiana State Prison.

On the evening of January 19, 1972, Fenwick and one Dennis Lauer decided to rob the Red Bird Service Station on Stringtown Road in Evansville. Fenwick gave Lauer a knife and instructed him on how to rob the station attendant. While Lauer was relieving the attendant of his money, Fenwick waited in a car parked nearby. Fenwick was dissatisfied when Lauer returned with only $28.

A second robbery of the same station was planned for two days later in which Fenwick would show Lauer "how to do it right". On the evening of January 21, Fenwick donned, over the trousers he was already wearing, the same maroon pants worn by Lauer two nights before. He also borrowed the same blue jacket Lauer had worn, and placed a wig on his head. The attendant, upon seeing Fenwick approach, thought Fenwick was the same man who had robbed him on the 19th. The attendant reacted by asking a customer to phone the police. He noticed a friend driving past at about the same time, waved him to a stop, and requested that he follow the man in the maroon pants who, by this time, had hurriedly departed without robbing the station. The friend saw Fenwick

enter a car nearby, noted the license number and description of it, and returned to the station to report to the police then at the scene. Fenwick and Lauer were apprehended a short time thereafter.

We are of the opinion that one of the issues raised by Fenwick presents reversible error.

Fenwick relied upon intoxication as a defense to the crime charged. The trial court gave two instructions relating to intoxication. One, State's Instruction No. 5, read:

> "Voluntary intoxication will not excuse crime. If the defendants were drunk, it was their own fault, and they cannot claim any immunity by reason of their intoxication. It was their duty to keep sober, and if they voluntarily permitted themselves to become intoxicated, and while so intoxicated they committed the crime charged in any form, they are guilty and should be punished precisely the same as though they had been sober. It is not the law that a man may voluntarily become intoxicated, and commit crime, and escape punishment by reason of such intoxication, but upon the other hand it is the law that he cannot use his own involuntary intoxication to escape the consequence of his acts while so intoxicated."

The other, Defendants' Instruction No. 1, read:

> "The statute which the defendant is charged with violating requires a criminal intent, or *mens rea*. The defendant cannot possess such requisite intent if he was too drunk for a conscious exercise of his will, or, in other words, too drunk to hold and entertain the necessary criminal intent."

A comparison of the two instructions reveals obviously conflicting propositions for the jury to consider insofar as the applicability of voluntary intoxication as a defense is concerned.

The basis for reversal is stated in *O'Neil* v. *State* (1939), 216 Ind. 21, 22 N.E.2d 825, which held:

> ". . . if two or more instructions are inconsistent and calculated to mislead the jury or leave them in doubt as to

the law, it is a cause for reversal." (Citing authority.) 216 Ind. at 28. See also: *Madison* v. *State* (1955), 234 Ind. 517, 130 N.E.2d 35; *Johnston* v. *State* (1951), 230 Ind. 571, 105 N.E.2d 820; and *Todd* v. *State* (1951), 229 Ind. 664, 101 N.E.2d 45.

The nexus between voluntary intoxication and the *mens rea* concept urged by Fenwick[1] has been summarized as:

"No act committed by a person while in a state of voluntary intoxication, shall be deemed less criminal by reason of his having been in such condition. But whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute a particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive or intent with which he committed the act. . . ." (Footnotes omitted). R. Perkins, Criminal Law 789 (1957).

In the abstract, both instructions given to the jury are correct statements of the law. Defendant's Instruction No. 1 applies to those crimes in which a specific intent is an essential element to be proven beyond a reasonable doubt, whereas State's Instruction No. 5 is directed to those situations where, for example, "the carrying out of a preconceived design speaks for itself so far as intent is concerned." (*Perkins, supra*).

The *O'Neil* case, *supra*, which dealt with two instructions of similar content to those in the instant case presented a relatively simple situation, however, in this case the jury was instructed that Fenwick could be found guilty of one of the following:

Ind. Ann. Stat. § 10-4709 (Burns 1973 Supp.)—Commission of or attempt to commit a crime while armed;

---

1. Fenwick advances the arguments: (1) that robbery requires an intent; and (2) that the conspiratorial nature of Fenwick's involvement requires an intent defeated by intoxication. We are not willing to accept either proposition. Robbery does not require proof of an intent as an essential element of the crime. *Snipes* v. *State* (1973), Ind. App., 298 N.E.2d 503, however, assault and battery with the intent to commit robbery does require proof of a specific intent. *Anderson* v. *State* (1966), 247 Ind. 215, 214 N.E.2d 172. Secondly, Fenwick makes no showing that an accessory is not held to the same standard as the principal when claiming the defense of intoxication.

Ind. Ann. Stat. § 10-4101 (Burns 1956)—Robbery;

Ind. Ann. Stat. § 10-3030 (Burns 1973 Supp.)—Theft;

Ind. Ann. Stat. § 10-3041 (Burns 1973 Supp.)—Attempted control of property by threat;

Ind. Ann. Stat. § 10-401 (Burns 1973 Supp.)—Assault and Battery with intent to commit a felony;

Ind. Ann. Stat. § 10-403 (Burns 1973 Supp.)—Assault and Battery; and

Ind. Ann. Stat. § 10-402 (Burns 1956)—Assault.

At least two of these statutes require an "intent". Theft requires proof of an intent to permanently deprive a person of his property and one of the assault statutes requires proof of "an intent to commit a felony".[2]

We deem the actual error to be in not informing the jury as to the particular circumstances in which they were to apply the two separate instructions on intoxication.

We accordingly reverse and remand for a new trial.

Fenwick raises other issues which, if resolved, may be helpful to further proceedings in the case.

Fenwick asserts that the trial court erred in admitting into evidence, over his objection, testimony concerning the incident on January 21. The evidence in question consisted of Lauer's testimony concerning Fenwick's comment on January 21, that he, Fenwick, was "going to go back and rob that Red Bird again and show me how to do it right", and of the service station attendant's testimony concerning the presence and appearance of Fenwick at the service station on the 21st. Fenwick's contention is that evidence of this alleged conspiracy or attempt to rob the same station two nights after the occurrence of the offense for which charges were brought was irrelevant and highly prejudicial. We disagree.

The general rule in Indiana is that evidence of conduct which shows or tends to show that the defendant committed a

2. "The violation of a statute consists of the commission or omission of certain acts in certain situations *and in some cases with a specified knowledge or particular intent.*" (Our emphasis). 1 Ewbanks Indiana Criminal Law 2 (Symmes ed. 1956).

crime separate and distinct from the crime for which he is charged is irrelevant and inadmissible. However, several well-established exceptions have been recognized. Evidence showing such separate crimes is admissible if the purpose for its introduction is to show intent, motive, identity, guilty knowledge, or a common scheme or plan. *Van Deveer* v. *State* (1971), 256 Ind. 509, 269 N.E.2d 865; *Zimmerman* v. *State* (1921), 190 Ind. 537, 130 N.E. 235. "It is the probative value of such evidence to prove the crime charged that makes the evidence admissible and not the fact that it proves or tends to prove the defendant guilty of other crimes." *Smith* v. *State* (1939), 215 Ind. 629, 21 N.E.2d 709. These rules apply without regard to whether the challenged evidence relates to conduct occurring prior or subsequent to the offense charged. *United States* v. *Hampton* (7th Cir., 1972), 457 F.2d 299, cert. denied, 409 U.S. 856; *Grimes* v. *State* (1972), 258 Ind. 257, 280 N.E.2d 575.

In the instant case Fenwick contended that his intoxication on January 19th prevented him from forming the requisite criminal intent (which we take as a reference to *"mens rea"* as opposed to a specific type intent which would form an essential element of a crime). We are of the opinion that the evidence concerning Fenwick's statements and conduct on January 21st was of probative value to prove the crime charged as it tended to show that he possessed the necessary intent on January 19th, and it thereby tended to negate his contention to the contrary.

Fenwick next contends that the statute under which he was charged is unconstitutional. That part of the statute in question reads as follows:

"Commission of or attempt to commit crime while armed with deadly weapon.—Any person who being over sixteen [16] years of age, commits or attempts to commit any felony while armed with any dangerous or deadly weapon, *or while any other person is present and aiding or assisting in committing or attempting to commit such felony is armed with any dangerous or deadly weapon, shall* be guilty of a

separate felony . . ." (Emphasis added). IC 35-12-1-1, Ind. Ann. Stat. § 10-4709 (Burns 1973 Supp.)

Fenwick argues that the emphasized portion of the statute "goes beyond merely poor sentence structure—it defies rational interpretation."

The Indiana Supreme Court has recently reiterated the test to be applied in determining whether a criminal statute is unconstitutionally vague. In *Stotts* v. *State* (1971), 257 Ind. 8, 271 N.E.2d 722, the Court, in reversing the trial court which had held the safe burglary statute unconstitutional for vagueness, stated:

> "A penal statute is sufficiently certain if the offense is defined so that a person of ordinary intelligence can perceive the wrong intended to be prohibited." (Citation omitted.) 271 N.E.2d at 725. See also: *Stanley* v. *State* (1969), 252 Ind. 37, 245 N.E.2d 149; *State* v. *Bigbee* (1973), 260 Ind. 90, 292 N.E.2d 609.

Although the statute under which Fenwick was charged would be ill-considered as a paradigm for other states desirous of prohibiting similar conduct, we believe it meets the *Stotts'* standard. It provides that a person over the age of 16 years commits a separate felony when he commits or attempts to commit any felony while armed with a dangerous weapon. It further provides that a separate felony is committed by a person over the age of 16 years if that person's accomplice is armed with a dangerous weapon.

Next, Fenwick claims the trial court erred in refusing to give his Instruction No. 9, which read:

> "The statutes of this state require the sentence in certain cases to be for a term of imprisonment of not less than a certain number of years, for example, in this case for some of the included offenses herein, one (1) year, and not more than a maximum of ten (10) years. Such a sentence is, in effect, a sentence for the maximum number of years, unless a permit to be at liberty, or parole, is issued by the proper authority in case a reformation of the convict is effected."

Conceding that he could find no authority, Fenwick asserts that the instruction should have been given because it is a cor-

rect statement of the law and because the jury has a right to know about the law concerning the sentencing of a defendant.

We fail to appreciate the thrust of Fenwick's argument. To begin with, the crime charged—commission of crime while armed with deadly weapon—calls for a determinate sentence, not an indeterminate one, and the jury was so instructed. Furthermore, the jurors were instructed regarding the various lesser included offenses of which Fenwick could have been convicted, including their respective penalties most of which allowed for indeterminate sentences.

The last issue raised by Fenwick concerns the trial court's action in sustaining the State's objection to his statement that he was drunk on the day of the crime. The interchange between defense counsel and Fenwick is as follows:

"Q. What did you do in the afternoon of that day?

A. Got pretty well high, got rather drunk."

The State's objection was sustained on the ground that Fenwick's response was a conclusion. Fenwick contends this was error because in Indiana a non-expert witness can give an opinion as to whether or not a person is intoxicated. He relies on the case of *New* v. *State* (1970), 254 Ind. 307, 259 N.E. 2d 696.

We need not decide whether the trial court erred. Assuming, *arguendo,* that it was error, it was harmless for the reason that there was ample additional testimony concerning Fenwick's lack of sobriety on January 19th. Ind. TR. 61. Examples are as follows:

"Q. When did you begin to drink on that day?
A. I started early that morning when I first got up.

\* \* \*

Q. What did you do in the evening of that day?
A. I worked on the car that afternoon, put plugs or points in it, something, I forget what I did, but anyhow I was steadily drinking all day long and all night.

Q. That is from the early morning?

A. I had a bottle in my hand from the time I got up till the time I was in bed.

\* \* \*

Q. . . . how did you feel with reference to how the alcohol had affected you?

A. Just like it always was, I mean, it just put me down, I mean, get my mind into a state I couldn't remember what I was doing."

Compare: *Boles* v. *State* (1973), 259 Ind. 661, 291 N.E.2d 357.

The cause is reversed and remanded for a new trial.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 307 N.E.2d 86.