CHARLES BELL *v.* STATE OF INDIANA.

[No. 3-774A128. Filed December 19, 1974.]

*Craig R. Finlayson, Husselman & Mefford,* of Auburn, for appellant.

*Theodore L. Sendak,* Attorney General, *G. Philip Duckwall,* Deputy Attorney General, for appellee.

HOFFMAN, C.J.—Defendant-appellant Charles Bell was charged by affidavit with the offense of second degree arson as defined in IC 1971, 35-16-1-2, Ind. Ann. Stat. § 10-302 (Burns Supp. 1974), which provides as follows:

> "Any person who wilfully and maliciously sets fire to or burns, or causes the setting of fire to or burning, or who aids, counsels or procures the setting of fire to or the burning of any barn, garage, stable or other building, finished or unfinished, occupied or unoccupied, not a part or parcel of any dwelling-house, rooming-house, apartment-house or hotel, or any shop, store-house, warehouse, factory, mill or other building, or any church, meeting-house, courthouse, workhouse, school, jail or other public building or any bridge, finished or unfinished, occupied or unoccupied; such being the property of another, or being insured against loss or damage by fire and such setting of fire to or burning, or such causing, aiding, counseling or procuring such setting of fire to or such burning being with the intent to defeat, prejudice or defraud the insurer, shall be guilty of arson in the second degree and shall, upon conviction thereof, be imprisoned in the state prison not less than five [5] years nor more than ten [10] years, to which may be added a fine of not to exceed two thousand dollars [$2,000]."

Following trial before a jury, appellant was found guilty as charged, and subsequently ordered committed to the custody of the Indiana Department of Correction for a period of not less than five nor more than ten years and fined in the penal

sum of $1,000. Thereafter, appellant's motion to correct errors was overruled and the present appeal was perfected.

The evidence most favorable to the State discloses that during the early morning hours of June 29, 1973, appellant and one Dennis Ray Johnson were drinking beer at a concession stand in the DeKalb County Fair Grounds in Auburn, Indiana. As the two men prepared to leave the stand, appellant stated that his fingerprints were "on the building" and that he "had to burn it." After appellant "lit it afire", Johnson departed from the scene, but shortly thereafter returned to find "[s]moke coming out of the concession stand." Johnson then urged appellant to leave. His efforts, however, did not meet with success and Johnson left the area for a second time. As Johnson departed, he observed appellant "between the horse barns." When Johnson again returned to the scene, he noticed a flickering light inside of a barn. Johnson and appellant subsequently left the area upon hearing fire trucks.

State's witness Bill Walters, the Chief of the Auburn Fire Department, testified, under direct examination, that at approximately 5:07 A.M. on the morning of June 29, 1973, the fire department was notified of a fire at the fairgrounds. Upon his arrival at the scene, Walters observed "two fires at the same time." One fire involved a small concession stand and the other fire was located in a large barn which was approximately 90 feet away. Following an investigation as to the origin of the fire which damaged the barn, Walters concluded that the fire was intentionally set.

State's witness Lou Ann Weicht testified that on numerous occasions she had driven near the fairgrounds in Auburn, Indiana, in the company of her boy friend and appellant. She further testified that "every time we drove by *** Charlie [appellant] would say, that's my barn, or something like that." Appellant eventually informed this witness "that he called it his barn because he burned it down" and that he did so "[b]ecause they made his sister spend time in jail and he was paying the county back."

Appellant was charged by affidavit which, omitting caption and formal parts, reads, in part, as follows:

> "That on about the 29 day of June A.D. 1973, at the County of DeKalb and in the State of Indiana, Charles Bell did then and there unlawfully, willfully and maliciously set fire to or burn or caused the setting fire to a certain 40 ft. by 160 ft. horse barn or stable, at the DeKalb County Fair Grounds and Live Stock Grounds on South Union Street, in Auburn, DeKalb County, Indiana."

The first issue presented is whether the trial court erred in permitting State's witness Dennis Ray Johnson to testify that appellant had set another fire prior to the fire referred to in the charging affidavit.

On direct examination by the State, Dennis Ray Johnson was questioned concerning the fire in the concession stand. Appellant-Bell objected to the introduction of such testimony on the ground that it would be prejudicial to his interests by reason of the fact that it dealt with a separate and distinct crime with which appellant was not charged.

In *Fenwick* v. *State* (1974), 159 Ind. App. 311, 307 N.E.2d 86, at 89-90, this court stated:

> "The general rule in Indiana is that evidence of conduct which shows or tends to show that the defendant committed a crime separate and distinct from the crime for which he is charged is irrelevant and inadmissible. However, several well-established exceptions have been recognized. *Evidence showing such separate crimes is admissible if the purpose for its introduction is to show intent, motive, identity, guilty knowledge, or a common scheme or plan.* Van Deveer v. State (1971), 256 Ind. 509, 269 N.E.2d 865; Zimmerman v. State (1921), 190 Ind. 537, 130 N.E. 235. 'It is the probative value of such evidence to prove the crime charged that makes the evidence admissible and not the fact that it proves or tends to prove the defendant guilty of other crimes.' Smith v. State (1939), 215 Ind. 629, 21 N.E.2d 709. These rules apply without regard to whether the challenged evidence relates to conduct occurring prior or subsequent to the offense charged. United States v. Hampton (1972), 7th Cir., 457 F.2d 299, cert. denied, 409 U.S. 856, 93 S.Ct. 136, 34 L.Ed.2d 101;

Grimes v. State (1972), [258] Ind. [257], 280 N.E.2d 575."
(Emphasis supplied.) See: *Schnee* v. *State* (1970), 254 Ind.
661, 662, 262 N.E.2d 186, 187; *Watts* v. *State* (1950), 229
Ind. 80, 95 N.E.2d 570.

The disputed testimony by Dennis Ray Johnson regarding
the fire in the concession stand and its origin reads, in part,
as follows:

"Q. At the time you were there in the immediate vicinity
of the concession stand and the horse barn on the
night of June 29th or in the morning of June 29th—

"A. Yes.

"Q. Did you have any conversation with Charlie concerning
his reasons for burning down the horse barn?

"A. Yes.

"Q. What was that conversation?

"A. His sister had got charged with public intoxication and
was doing time in jail and he was getting revenge.

"Q. What type of revenge?

"A. Just revenge against the city.

"Q. Who was he getting revenge against?

"A. The city for prosecuting his sister.

"Q. When did he state that to you? Before or after?

"A. Well, when we was right there at the concession stand
drinking.

"Q. When you were at the concession stand drinking?

"A. Yes.

"Q. Would you go through that once more, Mr. Johnson,
now; while you were at the, would you state the con-
versation that you and Charlie had while you were at
the concession stand drinking prior to anything being
on fire?

"A. He was, he claimed he was going to burn it, well, the
concession stand itself he decided to burn it because
his fingerprints was on it. But the barn was because
his sister was locked up for public intoxication or had
got charged with public intoxication and was doing
time.

"Q. Do you know that to be a fact?

"A. This is what he said.

"Q. That she was locked up?

"A. Yes, she was."

The above testimony constitutes evidence of probative value concerning the crime charged. Indeed, it tends to show that appellant possessed the necessary intent to burn the horse barn; that there existed a particular motive for such burning which was related to the burning of the concession stand; that appellant was thereby identified as the person who started a fire in the vicinity of the horse barn; that in burning the concession stand appellant sought to conceal evidence possibly connecting him with the fire in the barn; and that there existed a common scheme or plan to destroy both buildings by means of setting fire to them. Accordingly, it must be concluded that the trial court did not err in admitting the testimony in dispute.

The next issue to be considered is whether the trial court erred in instructing the jury regarding the offense of attempted arson.

Instruction No. 14, which was given by the trial court, reads as follows:

"The Defendant is charged with the offense of Arson in the Second Degree. Included in this offense is the offense of Attempted Arson. The Statute of the State of Indiana defining and fixing the punishment for the offense of Attempted Arson reads as follows, to-wit:

'Whoever wilfully and maliciously does any act or acts, not set out in the foregoing sections of this act, (including Arson in the Second Degree), that could or might result in the setting of a fire to or the burning of any of the buildings or property mentioned in or comprehended by any of the foregoing sections of this act, but which for any reason does not result in such a setting of fire to or the burning of any such property, or whoever aids, abets, counsels or procures any such act or acts, such property being the property of another, . . . shall be guilty of attempted arson and, upon conviction

thereof, shall be imprisoned in the Indiana State Farm for a period of not less than six (6) months nor more than one year, to which may be added a fine of not to exceed five hundred dollars ($500.00).'

"You are instructed that if the same be proven beyond a reasonable doubt, you may find the Defendant guilty of Arson in the second degree or you may find the Defendant guilty of the included offense of attempted arson."

Appellant contends that the trial court erred in giving such instruction by reason of the fact that there was no evidence that a fire had been unsuccessfully set. It is asserted that the trial court therefore instructed the jury upon facts which were not in evidence.

In *Crump* v. *State* (1972), 259 Ind. 358, 287 N.E.2d 342, at 345, our Supreme Court stated:

"It should make no difference whether the criminal conduct is successful or unsuccessful when determining an included offense. The conduct is the same in both cases; the actor's intent is the same in both cases.

\* \* \*

"The evidence introduced at trial was sufficient to establish every element of the crime of First Degree Arson. The Attempted Arson statute embraces the same elements as are found in the First Degree Arson statute except for the element of actual burning. *It follows that it would be impossible to commit arson without first having attempted it, and we conclude, therefore, that Attempted Arson is a lesser included offense.*" (Emphasis supplied.)

Although the appellant in *Crump* was charged with the offense of first degree arson and convicted of attempted arson, the reasoning therein expressed is equally applicable to the case at bar. Evidence which here sufficiently establishes that appellant did, in fact, burn the horse barn would also support a conclusion that appellant attempted to do so. Further, it must be pointed out that appellant cannot be regarded as having been prejudiced by the giving of the instruction in question.

The final issue presented is whether appellant's conviction of the offense of second degree arson is supported by sufficient evidence. It must be concluded, however, that the extensive circumstantial evidence hereinabove set out is of such probative value that appellant's guilt is established beyond a reasonable doubt. *Gregory* v. *State* (1973), 259 Ind. 295, 286 N.E.2d 666.

No reversible error having been shown, the judgment of conviction appealed from is affirmed.

Affirmed.

Garrard and Staton, JJ., concur.

NOTE.—Reported at 319 N.E.2d 859.