SUZANNE MARY PEARSON *v.* STATE OF INDIANA.

[No. 1-475A70. Filed January 21, 1976.]

Timothy R. Dodd, Cox, Schroeder, Dodd, Mitchell, Terry, Appel & Krohn, of Evansville, for appellant.

Theodore L. Sendak, Attorney General, Robert F. Colker, Assistant Attorney General, for appellee.

PER CURIAM—The defendant-appellant Pearson is appealing her conviction of theft by raising three issues which challenge the sufficiency of the evidence, allege error in the refusal of an instruction, and allege error in the admission of certain testimony. None of these issues present reversible error.

The facts, favorable to the State, show that Pearson approached a Sears salesperson and inquired as to the price and size of the tan suit that she was holding. The salesperson later noticed Pearson and the lady she was with acting sus-

piciously. He and another salesperson subsequently saw one of the two women place the tan suit in a green bag and leave the store. The two salespeople followed the two women into the parking area outside the store. The two women became aware that they were being followed and hurried to a car in which a male driver was waiting. Pearson and her companion entered the car, and it fled from the area at a high rate of speed. Later that day, Pearson, under an assumed name, attempted to ship a foot locker via Greyhound to an out-of-state address. The foot locker was lawfully seized and searched. The tan suit was found inside that foot locker.

The first two issues—the sufficiency of the evidence and the refused instruction—are combined for argument and alleged, in substance, that the evidence does not place the tan suit in Pearson's possession at the time of the theft.

Pearson's conviction will not be set aside if there is substantial evidence of probative value from which the trier of fact could have reasonably inferred guilt beyond a reasonable doubt. *Lay v. State* (1975), Ind. App., 326 N.E.2d 650.

Pearson possessed the suit at the time of the inquiry to the salesperson; she either put it in a bag or was with the women who did; the two women left the store together; the two women fled the area at a high rate of speed after entering a waiting auto; and Pearson, while using an assumed name, was in possession of that tan suit later in the same day. We are of the opinion these facts are sufficient to convict Pearson of exerting unauthorized control over the property of another with the intent to deprive the owner of the use or benefit of that property as defined by Ind. Ann. Stat. § 10-3030(1) (a) (2) (a) (1974 Supp.).

In any event, under the foregoing facts Pearson would have been guilty as an accomplice as defined by Ind. Ann. Stat. § 9-102 (1974 Supp.).

The refused instruction tendered by Pearson was addressed to the offense of possession of stolen goods as defined by Ind. Ann. Stat. § 10-3030 (a) (f). Refusal by the court was proper for the reason it was not applicable to the facts nor the offense charged.

Pearson's final argument is addressed to supposed error in allowing eyewitnesses to testify that Pearson, again using a different name, and two others sent a foot locker, via Greyhound, on the day before the theft in this case. Pearson asserts that this testimony was prejudicial and irrelevant but fails to cite any authority as required by AP. 8.3 (A) (7) to support the argument.

However, the evidence would have been relevant to show a common scheme or course of conduct. *See: VanDever* v. *State* (1971), 256 Ind. 509, 269 N.E.2d 865.

Judgment affirmed.

NOTE.—Reported at 339 N.E.2d 800.