Kerry L. FORD–EL,
Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 71A03–8809–CR–284.

Court of Appeals of Indiana,
Third District.

Jan. 19, 1989.

Charles W. Lahey, South Bend, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

Kerry L. Ford–El was tried by jury and was convicted of battery, a Class C felony, over his plea of self defense. We reverse.

At trial and over defendant's objection the court gave an instruction on self defense that told the jury they must find the defendant was not acting in self defense unless defendant showed that "[h]e acted in reasonable fear or apprehension of death or great bodily harm."

As defendant points out, that requirement is imposed when a defendant uses deadly force (*Bryan v. State* (1983), Ind., 450 N.E.2d 53), but not otherwise. *See* *Hughes v. State* (1937), 212 Ind. 577, 10 N.E.2d 629.

Where different conclusions can be reached as to whether or not the weapon is "deadly," the determination is for the jury. *Glover v. State* (1982), Ind., 441 N.E.2d 1360. Here the defendant held a railroad spike in his fist when he struck the victim, who claimed to be a natural boxer.

There was a question for the jury whether or not this constituted deadly force. Therefore, the instruction invaded the province of the jury.

Nor was the error cured, as the state argues, by the giving of defendant's instruction No. 6 which stated:

The defense of 'self-defense' is defined by law as follows:

A person is justified in using reasonable force against another person to protect himself from what he reasonably believes to be the imminent use of unlawful force. No person in this State shall be placed in legal jeopardy of any kind whatsoever for protecting himself by reasonable means necessary.

The State has the burden of disproving this defense beyond a reasonable doubt.

While it is true that instructions are to be read as a whole and harmonized to the extent possible, where they are inconsistent or contradictory a reversal is warranted. *Johnston v. State* (1952), 230 Ind. 571, 105 N.E.2d 820; *O'Neil v. State* (1939), 216 Ind. 21, 22 N.E.2d 825.

While instruction No. 6 told the jury a person is justified in using reasonable force to protect himself, instruction No. 11 required the jury to find there was no justifiable self defense unless the defendant showed that he acted in reasonable fear or apprehension of either death or great bodily harm.

At best, when read together, these instructions were confusing and misleading. At worst, they mandated a conviction unless defendant proved he was in fear of death or great bodily harm. The prejudice is manifest.

Ford–El also argues that it was error to give an instruction on criminal recklessness. We need not consider the question since the conviction of the greater offense rendered any error harmless.

REVERSED AND REMANDED.

SHIELDS, P.J., and HOFFMAN, J., concur.